**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Hubert T. CRABTREE,
Defendant-Appellant.**

No. 85–3050.

United States Court of Appeals,
Fifth Circuit.

Feb. 22, 1985.

Daniel A. McGovern, IV, New Orleans, La. (Court appointed) for Manzella.

G. Patrick Hand, Jr., Wm. J. O'Hara, III, New Orleans, La., for Thibodaux.

Provino Mosca, Patrick Fanning, New Orleans, La., for Provenzano.

Edward J. Castaing, Jr., New Orleans, La. (Court appointed), for Blachard.

Virginia L. Schlueter, Asst. Federal Public Defender, New Orleans, La., for Jimenez.

Ralph Capitelli, New Orleans, La., for Dr. Canale.

John P. Volz, U.S. Atty., New Orleans, La., for U.S.

## ORDER

After conviction and sentence, Hubert T. Crabtree applied to the district court to continue his bail terms pending appeal. The district court denied the application, finding that the trial generated no substantial questions of law or fact that were likely to result in reversal on appeal or an order for a new trial. Crabtree has now applied to me as a judicial officer authorized to order release from detention pending appeal under 18 U.S.C. § 3141 to allow him to retain his bail status pending appeal of the district court's ruling on his application and our ruling on his appeal from his conviction and sentence.

Crabtree indicates he will raise five issues on the latter appeal: (1) the presence of a "contaminated" juror on the panel during trial; (2) the lack of evidence of two

separate predicate acts required under 18 U.S.C. § 1962; (3) the lack of evidence with respect to the court's ruling on a motion under *U.S. v. James,* 590 F.2d 575 (5th Cir. en banc), *cert. denied,* 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979); (4) the impropriety of government counsel's rebuttal argument; and (5) the admissibility of prejudicial tapes concerning Crabtree's spouse.

18 U.S.C. § 3143(b) provides in pertinent part:

> (b) Release or Detention Pending Appeal by the Defendant.—The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> > (1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to section 3143(b) or (c); and
> >
> > (2) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

Under Federal Rule of Appellate Procedure 9(c), the burden of establishing the criteria enumerated in § 3143(b) rests with Crabtree. In this application proceeding, he need not be concerned with the need for a showing by clear and convincing evidence that he was not likely to flee or pose a danger to the community. The district court made that finding in his favor and I will not disturb it. The remaining tests are whether the appeal (a) is taken for the purpose of delay, (b) raises a substantial question of law or fact, and (c) is likely to result in reversal or an order for a new trial.

There is no reason to pass on whether delay or insubstantiality are present because Crabtree has failed to carry the burden imposed on him to show that his appeal is likely to result in reversal or a new trial order. Crabtree's application is presented to me without a transcript. Crabtree acknowledges that the issue he raises as to improper argument of counsel must depend on an examination of the transcript. In the brief he has filed in support of his application, the remaining issues are discussed in factual terms which Crabtree proffers without record support. The brief of the government in opposition contends that I cannot find that the district judge who heard the case abused his discretion in ruling that the appeal was not likely to result in a reversal or an order for a new trial. Regardless of whether this application should be considered as a review of the action of the district judge and, if so, whether the proper standard of review is abuse of discretion or the clearly erroneous test, or whether the application is addressed to me for independent action, I must refuse relief.

■ Two things are clear. Section 3141 vests in the district judge the authority to make the identical determinations which Crabtree seeks to have me make; and those determinations, in this case, call for a decision which is both factual and legal as to every issue Crabtree seeks to raise. The judicial officer who first made the decisions was conversant with the facts involved. I am not. In such a situation, any meaningful review or independent reconsideration by me must await a proper transcript or stipulated factual record. Since Crabtree has not produced such a transcript or record, he has failed to demonstrate that the issues he seeks to raise are likely to result in reversal of the conviction and sentence or in an order for a new trial. Thus, he has failed to carry the burden imposed on him by Rule 9(c). *Cf. United States v. Miller,* 753 F.2d 19 (3rd Cir.1985). My order obviously does not predict what a subsequent judicial officer or panel of this court might rule on any such issue when a transcript or factual stipulation accompanies any further request for relief.

■ Crabtree also argues that the Bail Reform Act of 1984 violates the ex post facto clause of the United States Constitution. I disagree. Although the offense took place before the effective date of the Act, the change in the law is merely procedural and does not alter a substantial right.

The Act does not increase the punishment nor change the ingredients of the offense or the ultimate facts necessary to establish guilt. *See Weaver v. Graham,* 450 U.S. 24, 29 n. 12, 101 S.Ct. 960, 964 n. 12, 67 L.Ed.2d 17 (1981), citing *Hopt v. Utah,* 110 U.S. 574, 590, 4 S.Ct. 202, 210, 28 L.Ed. 262 (1884). In *U.S. v. Miller, supra,* the Third Circuit found that the Bail Reform Act of 1984 was procedural and did not offend the ex post facto clause.

The Act changes the manner in which convicted defendants will be dealt with after conviction. It contains a presumption in favor of immediate detention upon conviction rather than the former requirement that a convicted defendant be enlarged on bail absent certain conditions. However, this court has held that a defendant who has been found guilty by jury and sentenced is not necessarily entitled to bail pending appeal as a matter of law. *U.S. v. Bright,* 541 F.2d 471, 477 (5th Cir.1976), *cert. denied,* 430 U.S. 935, 97 S.Ct. 1560, 51 L.Ed.2d 780 (1977). Even though the change works to the disadvantage of the defendant, it is merely a procedural change and does not offend the ex post facto clause. *See Dobbert v. Florida,* 432 U.S. 282, 293, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977).

The application for release is DENIED.

Goldberg, Circuit Judge, filed concurring opinion.