UNITED STATES of America,
Plaintiff-Appellee,

v.

Oscar VALERA–ELIZONDO and Raul Valera-Garza, Defendants-Appellants.

No. 84–2715.

United States Court of Appeals,
Fifth Circuit.

May 14, 1985.

Yzaguirre, Chapa & Rocha, Roberto J. Yzaguirre, McAllen, Tex., for defendants-appellants.

Daniel K. Hedges, U.S. Atty., Susan L. Yarbrough, Asst. U.S. Atty., Houston, Tex., Samuel Rosenthal, Dept. of Justice, Washington, D.C., plaintiff-appellee.

Before JOHNSON, JOLLY, and HILL, Circuit Judges.

JOHNSON, Circuit Judge:

This appeal from an order denying bail pending appeal involves an interpretation of the provision of the Bail Reform Act of 1984, 18 U.S.C. § 3143(b), which provides that a defendant shall be detained pending appeal of a conviction unless the court finds that the appeal "raises a substantial question of law or fact likely to result in reversal or an order for a new trial." Because we conclude that the district court misconstrued this provision to mean that a court may grant bail only if it finds that its own rulings are likely to be reversed on appeal, we vacate the order denying bail pending appeal and remand to the district court for reconsideration in light of the standard which is set forth below.

## BACKGROUND

On September 19, 1984, a jury convicted co-defendants Oscar Valera-Elizondo and Raul Valera-Garza of conspiracy to possess cocaine with intent to distribute (Count Three) and possession with intent to distribute cocaine (Count Four), in violation of 18 U.S.C. § 2, 21 U.S.C. §§ 841(a)(1), and 846. Following sentencing,[1] defendants filed a notice of appeal[2] and moved for bail pending their appeal on the merits of their case. On November 6, 1984, the district court held a hearing pursuant to the newly enacted Bail Reform Act of 1984, 18 U.S.C. § 3143, to determine whether defendants should be released from detention pending their appeal.[3]

After the hearing, the district court made findings of fact in which the court concluded that: (1) the defendants failed to show by clear and convincing evidence that they would not flee pending their appeal, however, certain bond conditions would assure that defendants would not flee; (2) if released on bond, defendants would not pose a danger to any person or the community; (3) the appeal is not for the purpose of delay and does raise a substantial question of law or fact; but (4) the appeal is not likely to result in a reversal or an order for a new trial. In accordance with these findings, the district court denied defendants bail and ordered that they be detained pending the outcome of their appeal. It is from this order that Elizondo and Garza appeal.

## THE 1984 BAIL REFORM ACT

The portion of the 1984 Act that is germane to the instant discussion provides:

---

1. On October 22, 1984, Elizondo received concurrent five-year terms of imprisonment on each count, followed by a special parole term of five years on Count Four. Garza was sentenced to two concurrent three-year terms of imprisonment, followed by a special parole term of four years on Count Four.

2. Defendants' appeal on the merits, No. 84–2625, is pending before another panel of this Court.

3. The Bail Reform Act of 1984, a part of the Comprehensive Crime Control Act of 1984, became effective on October 12, 1984.

(b) **Release of detention pending appeal by the defendant.**—The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

> (1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to section 3142(b) or (c); and
>
> (2) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

If the judicial officer makes such findings, he shall order the release of the person in accordance with the provisions of section 3142(b) or (3).

18 U.S.C. § 3143(b). While finding that the defendants' appeal was not for the purpose of delay and raised a substantial question of law or fact, the district court denied bail on the grounds that: "[T]he Court does NOT find that the appeal is likely to result in a reversal or an order for a new trial. *Indeed, this Court is persuaded it would be inconsistent with judicial duty for this Court to believe that reversal is likely and not grant a new trial.*" Record, Order of November 20, 1984 (emphasis supplied). All parties agree[4] that the above-emphasized language demonstrates that the district court misinterpreted section 3143(b)(2) to mean that a court may grant

bail only if it finds that its own rulings are likely to be reversed on appeal.

It appears that this Circuit has never squarely addressed the question of the correct interpretation of the language of the 1984 Bail Reform Act which conditions the granting of bail pending appeal upon a finding that the appeal "raises a substantial question of law or fact likely to result in reversal or an order for a new trial."[5] *See* 18 U.S.C. § 3143(b)(2). Three other circuit courts of appeal, however, have addressed this precise question. *See United States v. Giancola*, 754 F.2d 898 (11th Cir. 1985); *United States v. Handy*, 753 F.2d 1487 (9th Cir.1985); *United States v. Miller*, 753 F.2d 19 (3d Cir.1985). We look, therefore, to the decisions of the other circuits for guidance.

The Third Circuit, the first court of appeals to consider this issue, rejected the same interpretation of section 3143(b)(2) advanced by the district court in the instant case, stating:

> The statutory language requiring a finding that the appeal 'raises a substantial question of law or fact likely to result in reversal or an order for a new trial' cannot be read as meaning, as the district court apparently believed, that the district court must conclude that its own order is likely to be reversed.
>
> . . . .
>
> . . . [W]e are unwilling to attribute to Congress the cynicism that would underlie the provision were it to be read as requiring the district court to determine the likelihood of its own error. A district

---

4. In its original brief, filed by the U.S. Attorney General's Office, the Government took the position that the district court correctly applied the post-conviction release provisions of the 1984 Act. However, in its supplemental brief, filed by the U.S. Department of Justice, the Government concedes that the district court misconstrued the Act.

5. In *United States v. Crabtree*, 754 F.2d 1200 (5th Cir.1985), this Court held that a defendant, who did not produce a transcript or record on appeal, failed to demonstrate that the issues he sought to raise on appeal were likely to result in reversal of the conviction and sentence or in an order for a new trial. The Court, however, did

not pursue an analysis of the showing required by § 3143(b). Most recently, in *In re Canale*, No. 85–3052 (5th Cir. Mar. 28, 1985) (unpublished per curiam order), this Court stated: "We ... align ourselves generally with the views of the Third and Ninth Circuits ... the statutory reference [§ 3143] is to a presence in the case of at least one fairly debatable or substantial issue of the type that calls in[to] serious question the correctness of the judgment of conviction." (citing *United States v. Handy*, 753 F.2d 1487 (9th Cir.1985) (opinion withdrawn for modification); *United States v. Miller*, 753 F.2d 19 (3d Cir.1985)).

judge who, on reflection, concludes that s/he erred may rectify that error when ruling on post-trial motions. Judges do not knowingly leave substantial errors uncorrected, or deliberately misconstrue applicable precedent. Thus, it would have been capricious of Congress to have conditioned bail only on the willingness of a trial judge to certify his or her own error.

*United States v. Miller*, 753 F.2d at 23. The Third Circuit went on to hold that the proper interpretation of section 3143(b)(2) requires the making of two determinations by the court.[6] First, the court must determine that the question raised on appeal is substantial, that is to say a question that is either novel, which has not been decided by controlling precedent, or which is fairly doubtful. Secondly, the court must determine whether that issue is sufficiently important to the merits that a contrary appellate ruling is likely to require reversal or a new trial. *Id.*

Finally, the *Miller* Court concluded that the Act established the following criteria which the *defendant* has the burden of proving if he seeks bail pending appeal:

(1) the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
(2) the appeal is not for the purpose of delay;
(3) the appeal raises a substantial question of law or fact; and
(4) if that substantial question is determined favorably to the defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

753 F.2d at 24.

In *United States v. Giancola*, 754 F.2d 898, the Eleventh Circuit adopted the *Miller* interpretation in construing section 3143(b). The court stated:

We think that the Third Circuit's interpretation effectuates congressional in-

tent. The legislative history indicates that while Congress did not intend for the 1984 Bail Act to eliminate bail pending appeal, *it did intend to limit its availability.*

*Giancola*, 754 F.2d at 900 (emphasis added). The Eleventh Circuit then further examined the Act's legislative history and concluded that Congress specifically intended to reverse the presumption in favor of bail pending appeal that existed under the predecessor statute, the Bail Reform Act of 1966. Under the prior Act, a convicted defendant was entitled to bail unless the court found that no one or more conditions of release would reasonably assure that the defendant would not flee or pose a danger to any other person or the community, or if it appeared that the appeal was frivolous or taken for the purpose of delay. Act of June 22, 1966, Pub.L. 89–465, § 3(a), 80 Stat. 215 (formerly codified at 18 U.S.C. § 3148). Pursuant to the former Act, the burden was on the government to show that the convicted defendant should be detained pending the outcome of his appeal. The 1984 Act was intended to reverse the presumption so that the conviction is presumed correct and the burden is on the convicted defendant to overcome that presumption. *Id; see* S.Rep. No. 225, 98th Cong., 1st Sess. 26 (1983), *reprinted in* 1984 U.S.Code Cong. & Ad.News 3209. The *Giancola* Court noted further:

The Third Circuit's interpretation effectuates this congressional intent since, under its interpretation, 'a defendant seeking bail on appeal must show that his or her appeal has more merit than under the discarded "frivolous" test, but ... the court [still has] discretion to give bail in those cases, which will consequently be considerably reduced in number, where [a] defendant can meet the criteria.' *Miller*, at 753 F.2d 23–24.

*Id.* at 901.

In regard to the Third Circuit's suggestion that a "substantial question" is one

**6.** Under 18 U.S.C. § 3141(b), release and detention authority pending sentence and appeal is vested in a judge of a court having original jurisdiction over the offense, or a judge of a

federal appellate court. *See* S.Rep. No. 225, 98th Cong., 1st Sess. 4 (1983), *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3186.

that has not been decided by controlling precedent, the *Giancola* Court noted that the lack of controlling precedent may in some instances be indicative of only that the issue is so patently frivolous that it has not been found necessary for it to have been resolved. 754 F.2d at 901. The Eleventh Circuit would thus define a "substantial question" as "one of more substance than would be necessary to a finding that it was not frivolous." *Id.* "It is a 'close' question or one that very well could be decided the other way." *Id.* Further, whether a question is substantial must be determined on a case-by-case basis. *Id.* The Eleventh Circuit then expressly adopted the *Miller* interpretation, subject to its observations on the definition of a "substantial question" as discussed above. *Id.*

Similarly, the Ninth Circuit, in *United States v. Handy*, 753 F.2d at 1489, agreed with the *Miller* interpretation and stated that " 'substantial' defines the level of merit of the question presented and 'likely to result in reversal or an order for a new trial' defines the *type* of question that must be presented." (emphasis in original). The *Handy* Court then held that "the statute simply requires the defendant to demonstrate the existence of a substantial or 'fairly debatable' question of the type that calls into question the validity of the judgment." *Id.* at 1490.

## THE CASE SUB JUDICE

■■■ Being guided by the construction placed upon section 3143(b) by the other circuit courts that have previously addressed the issue presented by this appeal, along with the legislative history of the Act, we turn now to a discussion of the case at bar.

All parties, as do we, essentially agree that *Miller* states the proper construction of the Act. In addition, the Government relies upon *Giancola*, which adopted the *Miller* interpretation of section 3143(b) with an added definition of a "substantial question." We agree with the Government

that the *Giancola* definition of a substantial question generally embodies the appropriate showing of merit. Indeed, the absence of controlling precedent is only one factor to be considered in the court's determination of whether a defendant's argument has a substantial chance of prevailing. As the court noted in *Giancola*, "there might be no precedent in this circuit, but there may also be no real reason to believe that this circuit would depart from unanimous resolution of the issue by other circuits." 754 F.2d at 901. We would add our observation that "substantial question" means that the issue presented must raise a substantial doubt (not merely a fair doubt) as to the outcome of its resolution. The application of this added meaning to the words "substantial question" effectuates the congressional intent, which we have earlier noted, in enacting the statute.

The Government also maintains that neither *Miller*, *Giancola* nor *Handy* clearly delineates the defendant's burden in showing the likelihood of reversal or an order for a new trial. The Government therefore suggests that the appropriate standard requires a defendant to demonstrate that if error is found, it will so taint the conviction that it is *more probable than not* that reversal will be required.

In *Miller*, the Third Circuit held that:

A court may find that reversal or a new trial is 'likely' only if it concludes that the question is so integral to the merits of the conviction on which [the] defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.

753 F.2d at 23. *Accord Giancola*, 754 F.2d at 900. We believe that the Government's construction, which we accept, embellishes the *Miller* interpretation and assigns to "likely" its ordinary meaning.[7] *But cf. Handy*, 753 F.2d at 1489. Further, we believe that the Government's construction effectuates the congressional intent to lim-

---

7. "Likely" means "having a better chance of existing or occurring than not." Webster's Third New International Dictionary 1310 (1976).

it, indeed substantially limit, the availability of bail pending appeal.[8]

To recapitulate, this Court adopts the *Miller* interpretation of section 3143(b), subject to the *Giancola* Court's and this Court's additional observations on the definition of a "substantial question." In addition, we assign to "likely" its ordinary meaning of "more probable than not." Thus, with the modification indicated, we join the Third and Eleventh Circuits in holding that under the 1984 Bail Reform Act, a convicted defendant has the burden of establishing the following four factors in order to obtain release on bail pending appeal:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) that the appeal is not for purpose of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*See Giancola,* 754 F.2d at 901; *Miller,* 753 F.2d at 24.

## CONCLUSION

Because the district court misconstrued section 3143(b), we vacate its order denying bail pending appeal. The cause is remanded to the district court for reconsideration in light of the standard set forth in this opinion.[9]

VACATED AND REMANDED.

**8.** It should be emphasized that the Government does not maintain that a defendant must demonstrate a probability that the particular question will be decided in his favor, only that he has a substantial chance of prevailing. Further, under the Government's construction of § 3143(b) it is incumbent upon a defendant to show that error, if found, would more likely than not lead to a specific form of relief, *i.e.,* reversal or an order for a new trial.

**9.** We note that we have considered and rejected the Government's contention that, rather than remand to the district court for reconsideration, this panel should apply the standard that we set forth today to the facts of the instant case. We believe that the district court is in a better position to determine, in the first instance, whether the issues raised by defendants in their appeal are substantial, under the standard set out above, and whether error, if found, will more likely than not lead to reversal or an order for new trial.