**UNITED STATES of America**

**v.**

**Mustapha FARRAN Ali Cheikh Souhail Assaad.**

**Crim. No. H–84–173.**

United States District Court, S.D. Texas, Houston Division.

June 6, 1985.

Andrea Larry and James Powers, Asst. U.S. Attys., Houston, Tex., for Government.

Marjorie Meyers, Asst. Federal Public Defender, Houston, Tex., for defendant Farran.

## ORDER

CARL O. BUE, Jr., District Judge.

Before the Court is defendant Farran's application for release pending appeal. After careful consideration of the applicable law, the memoranda of the parties, as well as the facts and circumstances, this Court is of the opinion that defendant's motion should be denied for the reasons discussed below.

As a basis for his motion, defendant raises several issues:

1. Application of the Bail Reform Act of 1984 would violate the *ex post facto* clause of the Constitution.

2. The Court erred in limiting cross-examination of Eugenia Fairchild and Jhamie Waters.

3. The Court erred in allowing the prior conviction of defendant into evidence.

### Background

On March 29, 1985, a jury convicted defendant Farran on two counts of causing persons to conceal a material fact from the Immigration and Naturalization Service, in violation of 18 U.S.C. § 1001 (1982), and two counts of causing persons to make false statements to the Immigration and Naturalization Service, in violation of 18 U.S.C. § 1015 (1982). Subsequently, on May 13, 1985, this Court sentenced defendant Farran to three years as to Count One, and as to Counts Two, Three and Four, defendant was sentenced for a period of three years, to run concurrent to the sentence imposed in Count One. Moreover, the Court ordered that the defendant be allowed to surrender to the designated institution.

### Bail Reform Act of 1984

Although the denial of bail after conviction was justified in certain instances, the prior statute incorporated a presumption in favor of bail after conviction. Act of June 22, 1966, Pub.L. 89–465, § 3(a), 80 Stat. 215 (formerly codified at 18 U.S.C. § 3148). However, in enacting section 3143 of the Bail Reform Act of 1984, the committee endeavored to eliminate the presumption in favor of bail, and to create a presumption against post conviction release. As stated in the committee report:

> Once guilt of a crime has been established in a court of law, there is no reason to favor release pending imposition of sentence or appeal. The conviction, in which the defendant's guilt of a crime has been established beyond a reasonable doubt, is presumably correct in law.

S.Rep. No. 225, 98th Cong., 1st Sess. 26 (1983), *reprinted* in 1984 U.S.Code Cong. & Ad.News 3182, 3209; *United States v. Giancola*, 754 F.2d 898 (11th Cir.1985).

Moreover, the burden of proof rests with the defendant to prove by clear and con-

vincing evidence that he is not likely to flee or pose a danger to the community, and that the appeal is not taken for the purposes of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial. S.Rep. at 27. Unless this Court makes an affirmative finding of these requisites based on clear and convincing evidence presented by the defendant, the statute provides that this Court shall detain the defendant. Title 18, U.S.C. § 3143(b) reads as follows:

**(b) Release or detention pending appeal by the defendant.**—The judicial officer shall order a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal of a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to section 3142(b) or (c); and

(2) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

■ As noted in the legislative history, by requiring the defendant to show that the appeal raises a substantial question of law or fact gives recognition to the basic premise that a conviction is presumed correct. S.Rep. at 27.

In determining whether bail should be allowed, the Fifth Circuit in the recent case of *United States v. Valera-Elizondo*, 761 F.2d 1020 (5th Cir.1985), stated that the convicted defendant has the burden of establishing the following four factors in order to obtain release on bail pending appeal:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) that the appeal is not for purpose of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*Id.*

Moreover, the Fifth Circuit squarely addressed the issue of the correct interpretation of "raises a substantial question of law or fact likely to result in reversal or an order for a new trial." *See* 18 U.S.C. § 3143(b)(2). In focusing upon what "substantial question" means, the Fifth Circuit adopted the view enunciated in *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985) which stated "... the court must determine that the question raised on appeal is substantial, that is to say a question that is either novel, which has not been decided by controlling precedent, or which is fairly doubtful. Secondly, the court must determine whether that issue is sufficiently important to the merits that a contrary appellate ruling is likely to require reversal or a new trial." However, the Court did not accept *in toto* the *Miller* Court's interpretation. Rather, the Court accepted a modified version based on *Miller*, 753 F.2d 19, *United States v. Giancola*, 754 F.2d 989 (11th Cir.1985) and its own addition to those two interpretations.

In essence, the Fifth Circuit defined "substantial question" as one that is novel, "one of more substance would be necessary to a finding that it was not frivolous," *Giancola*, 754 F.2d at 901, or which is substantially doubtful, *Valera-Elizondo*, 761 F.2d 1020 at 1022 (5th Cir.1985). Moreover, the Fifth Circuit adopted the *Giancola* Court's interpretation that whether a question is substantial is determined by the facts of a particular case.

As to the second prong of the *Miller* test, the Fifth Circuit adopted the ordinary meaning of "likely," noting that the *Miller* Court, as well as the government, had embellished that interpretation. Essentially, "likely" means "that if error is found, it

will so taint the conviction that it is *more probable than not* that reversal will be required." *Valera-Elizondo,* 761 F.2d 1020 at 1022 (5th Cir.1985) (emphasis supplied).

With this preliminary analysis in mind, the Court now turns to the case at bar.

### Ex Post Facto

■ Defendant contends that since the offenses were committed prior to the enactment of the Bail Reform Act of 1984, that any application of the new Act would result in a violation of the *ex post facto* clause of the Constitution. In *United States v. Crabtree,* 754 F.2d 1200 (5th Cir.1985), the court reviewed the *ex post facto* consideration and held that while the offense took place before the effective date of the Act, the change in the law was procedural and did not alter any substantial right. *See also United States v. Miller,* 753 F.2d 19 (3d Cir.1985). Accordingly, this Court concludes that this argument is without merit.

### Risk of Flight and Danger to the Community

■ In the present case, this Court allowed the defendant to voluntarily surrender to the specified correctional facility,[1] thereby implicitly finding that defendant is not likely to flee or pose a danger to the safety of any other person or the community. Therefore, the issue before this Court is whether the defendant has shown by clear and convincing evidence that his appeal raises a substantial question as recently defined by the Fifth Circuit in *United States v. Valera-Elizondo,* 761 F.2d 1020 (5th Cir.1985).[2] If this Court determines that a substantial question exists, then the next determination is whether it is likely to result in reversal or order for a new trial.

### Limiting of Cross-Examination

■ Defendant contends that the Court erred in limiting the cross-examination of prosecution witness Eugenia Fairchild. During cross-examination the defendant wanted to question Ms. Fairchild concerning misuse of defendant Farran's telephone and credit cards, as well as theft of money from defendant Farran. The defendant contends that the purpose was to establish bias and/or to show that these acts were of moral turpitude and had a direct bearing upon the witness's truthfulness pursuant to FED.R.EVID. 608(b). The Court relied upon *United States v. Sutherland,* 656 F.2d 1181 (5th Cir.1981), *cert. denied,* 455 U.S. 949, 102 S.Ct. 1451, 71 L.Ed.2d 663 (1982) in rejecting defendant's argument. The Court does not find that this aspect of defendant's claim is a substantial question as defined by the Fifth Circuit.

As to witness Jhamie Waters, the defendant contends that cross-examination was erroneously limited as to the witness's alleged use of drugs. Defendant maintains that the testimony was relevant insofar as it bore upon the witness's capacity to perceive and recall events. Likewise, this Court does not find that this part of defendant's claim is a substantial question as defined by the Fifth Circuit. *See United States v. Hickey,* 596 F.2d 1082 (1st Cir. 1979); *United States v. Leonard,* 494 F.2d 955 (D.C.Cir.1974).

### Prior Crimes

Defendant alleges that this Court erred in allowing defendant Farran's prior assault conviction into evidence. Moreover, the defendant contends that this Court was required to make an on-the-record determination whether the probative value outweighed the prejudicial effect if the conviction were admitted. *United States v. Pres-*

---

**1.** This Court notes that where evidentiary requirements need to be met, a hearing should be held. However, since the Court has allowed voluntary surrender, the issue of risk of flight and danger to the community are moot. Therefore, the only remaining issue is a question of law.

**2.** The Court finds in accordance with the four factors outlined in *Valera-Elizondo* that the appeal is not taken for the purpose of delay.

**606**

*ton,* 608 F.2d 626 (5th Cir.1979), *cert. denied,* 466 U.S. 940, 100 S.Ct. 2162, 64 L.Ed.2d 794 (1980). The government maintains that while the Court did not make specific findings on the record, the issue was resolved by the Court's ruling on the record of defendant's Motion in Limine which specifically addressed the issue.

According to *United States v. Preston,* 608 F.2d 626, 639 (5th Cir.1979), an on-the-record finding should be made under FED. R.CIV.P. 609(a)(1). As the Court stated:

> Despite our belief in the importance of a Trial Court making an on-the-record finding under Rule 609(a)(1) that the probative value of admitting the evidence outweighs its prejudicial effect, the failure to make such a finding does not automatically call for reversal of [defendant's] conviction. Instead, following a procedure analogous to that used in *United States v. Rivero,* 5 Cir., 1976, 532 F.2d 450, we remand the case for an on-the-record Rule 609(a)(1) determination. If the Trial Court determines that the probative value of admitting the prior conviction outweighed its prejudicial effect, then the conviction will stand affirmed. If the Trial Court determines that the prejudicial effect of admitting the evidence outweighed its probative value, then the question remains whether there is any reasonable possibility that the admission of the conviction affected the outcome of the case.

*Id.*

 After reviewing the record in this cause, the Court notes that during an in-chambers conference held on March 28, 1985 at which a court reporter was present, the parties argued their respective positions with regard to defendant's Motion in Limine which directly addressed the issue of admissibility of Farran's prior crime. At that time the Court denied the Motion in Limine and specifically found that the prejudicial effect of allowing into evidence defendant Farran's prior crime did not outweigh the probative value. While recogniz-

ing the directive of the Fifth Circuit concerning the importance of an on-the-record finding, this Court does not believe that an on-the-record finding in open-court is required. Rather, this Court believes that its ruling in chambers on defendant's Motion in Limine satisfied the finding requirement as set forth in *Preston.* Accordingly, this Court does not find that this portion of defendant's claim raises a substantial question.

*Conclusion*

In conclusion, while this Court finds that the defendant is not likely to flee or pose a danger to the community or any other person, and that the appeal is not for the purpose of delay, this Court does not find that the appeal raises a substantial question of law.[3] Accordingly, defendant is ordered detained pending appeal.

---

**3.** Since the Court did not find that any substantial question exists, this Court need not address

whether it is likely to result in reversal or order for a new trial.