UNITED STATES of America, Appellee,

v.

Avram L. GOTTLIEB, Appellant.

No. 87–1473.

United States Court of Appeals,
Eighth Circuit.

May 4, 1987.

Ronald S. Reed, Jr., Avram L. Gottlieb, Law Enforcement Center, St. Joseph, Mo., for appellant.

John R. Osgood, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON and HENLEY, Senior Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Avram L. Gottlieb appeals from the district court's[1] denial of his motion to withdraw his criminal plea of guilty. Gottlieb has not yet been sentenced. On our own motion we raise the issue of our jurisdiction. We hold that because Gottlieb has not yet been sentenced, the district court's order denying his motion to withdraw his guilty plea is a nonappealable interlocutory order.

 This court has jurisdiction to review "all final decisions of the district courts." 28 U.S.C. § 1291 (1982). "Adherence to this rule of finality has been particularly stringent in criminal prosecutions because 'the delays and disruptions attendant upon intermediate appeal,' which the rule is designed to avoid, 'are especially inimical to the effective and fair administration of the criminal law.'" *Abney v. United States*, 431 U.S. 651, 657, 97 S.Ct. 2034, 2039, 52 L.Ed.2d 651 (1977) (quoting *DiBella v. United States*, 369 U.S. 121, 126, 82 S.Ct. 654, 657, 7 L.Ed.2d 614 (1962)). A final decision under section 1291 is one that ends the litigation and leaves nothing for the court to do but execute the judgment. *E.g., In re Berkley & Co.*, 629 F.2d 548, 550–51 (8th Cir.1980); *Gialde v. Time, Inc.*, 480 F.2d 1295, 1299 (8th Cir.1973).

In *Oksanen v. United States*, 362 F.2d 74 (8th Cir.1966), this court considered whether appellate jurisdiction to challenge the denial of a motion to withdraw a plea existed when an appeal was filed after sentencing. We held that the timing of the appeal was proper, *id.* at 77, and we suggested that if the appeal had been filed before sentencing, it would have been improper because "the denial of the motion to * * * withdraw a plea is appealable when it is the final action of the court on the subject." *Id.; cf.* Fed.R.Crim.P. 32(d) House Judiciary Committee Notes (sentencing is the point at which conviction is final for purposes of appeal).

 The court's order denying Gottlieb's motion to withdraw his guilty plea is not a final decision because it does not end the litigation. The court still must sentence Gottlieb and enter judgment. At that time, the court will have nothing left to do but execute the judgment. Gottlieb can then appeal from the district court's final decision and argue that his motion to withdraw his guilty plea was wrongfully denied.

Having no jurisdictional authority to address the merits of this appeal, we dismiss the appeal.

---

**1.** The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.