UNITED STATES of America

v.

Javier J. TREVINO.

Crim. No. L–86–368.

United States District Court,
S.D. Texas,
Laredo Division.

Dec. 12, 1986.

David Almaraz, Laredo, Tex., for defendant.

v.

Javier J. TREVINO.

Crim. No. L–86–368.

United States District Court,
S.D. Texas,
Laredo Division.

May 26, 1987.

David Almaraz, Laredo, Tex., for defendant.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Defendant Javier J. Trevino moves for bail pending appeal. Under the 1984 Bail Reform Act, a convicted defendant has the burden of establishing the following four factors in order to obtain release on bail pending appeal:

1) that he is not likely to flee or pose a danger to the safety of any other person or the community if released;

2) that the appeal is not for purpose of delay;

3) that the appeal raises a substantial question of law or fact; and

4) that if that substantial question is determined favorably to the defendant on appeal, a reversal of the conviction is likely to result.

*United States v. Valera–Elizondo,* 761 F.2d 1020, 1025 (5th Cir.1985). The 1984 Act was intended to reverse prior law by placing the burden on the convicted defendant to overcome a presumption that his conviction is correct.

In the instant case the Court has no concern that this Defendant is likely to flee or that he poses a danger to anyone. The Court is not satisfied, however, that Defendant has met his burden of showing that his appeal will raise a substantial question of law or fact likely to result in reversal.

Defendant first claims that the evidence presented against him was insufficient to sustain a conviction. The Court finds the evidence was quite strong and that this contention would not raise a "close question" on appeal.

Defendant next contends that the jury did not hear "the true plea bargain" involving government witness Juan Garza. Defendant has not presented a transcript of the particular proceedings involved, but the Court's recollection of the facts is substantially different from Defendant's claim. The Court does recall at one point cutting off further questioning by a defense counsel on the narrow question of when Garza was scheduled for sentencing. The Court stated something to the effect that the sentencing date had not been established and that it would be set by the Court when the Court was ready to do so, after the Court received the pre-sentence investigation report. This statement was entirely correct, and was not addressed to this Defendant's counsel in any event. The Court did not deprive anyone of presenting to the jury the true relevant facts pertaining to Garza. Those facts are, and the jury knew, that Garza had already pled guilty to related charges, was awaiting sentencing, was testifying on behalf of the Government, and that this Court had sole discretion as to what consideration to give Garza for his testimony. There was no plea bargain as to sentencing. At argument on the pending motion, defense counsel suggested that a defendant testifying in hopes of receiving leniency at his later sentencing is somehow akin to a witness testifying for pay and therefore should be considered disqualified as a matter of law. The Court is aware of no precedent to sustain such an argument and finds the contention frivolous.

Finally, Defendant claims that the Court went beyond the scope of proper instructions by describing to the jury some of the evidence that had been adduced and indicating how that evidence would affect the outcome of the case. It is the practice of this Court when instructing a jury to go beyond a simple statement of generalized legal principles. The Court endeavors to relate the applicable legal principles to the evidence in the particular case. The Court believes this practice is not only proper but a part of the Court's duty to give meaningful instructions to the jury. The Court scrupulously endeavors to present the evidence fairly, generally describing both theories of the case. The Court is confident that it did so in the instant case. Indeed Trevino does not claim that the Court misstated or slanted the evidence, nor does the Court recall any such contention being made at the time the instructions were given. In essence, therefore, Trevino

seems to be contending that the Court should never discuss the evidence in connection with giving legal instructions.

The motion for bail pending release is DENIED. This Defendant should report as scheduled on May 28, 1987 at 2:00 p.m.