**UNITED STATES of America, Plaintiff,**

**v.**

**John Patrick ROSS, Defendant.**

**No. 89–10066–01.**

United States District Court,
D. Kansas.

Jan. 16, 1990.

Lanny D. Welch, Great Bend, Kan., for plaintiff.

Les Hulnick, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

Defendant, John Patrick Ross, was convicted by a jury of a three count indictment. The counts in summary are: count I intent to distribute cocaine, and count II and count III carrying or using a firearm in relation to drug trafficking.

Defendant has motioned the court to grant bail pending the imposition of sentence. The court, at the time of the guilty findings, remanded defendant to the custody of the U.S. Marshal. Defendant's counsel has moved to release defendant pending sentence.

The defendant has now presented evidence on his motion and the court has heard the respective arguments. The court has ordered defendant to be detained and remanded to the custody of the United States Marshal pending this written order.

The operative statutory provision which guides the court is 18 U.S.C. § 3143(a), which states:

> The judicial officer shall order that a person who has been found guilty of an offense and who is waiting imposition or execution of sentence, ... be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to section 3142(b) or (c). If the judicial officer makes such a finding, he shall order the

release of the person in accordance with the provisions of section 3142(b) or (c). Authority to enter such an order only lies with the judicial officer of a court of original jurisdiction over the motion or a judicial officer of a federal appellate court. 18 U.S.C. § 3141(b).

■ The Bail Reform Act of 1984 substantially changed post-conviction release. Although no constitutional right to bail after conviction exists, *United States v. Baca*, 444 F.2d 1292, 1296 (10th Cir.), *cert. denied*, 404 U.S. 979, 92 S.Ct. 347, 30 L.Ed.2d 294 (1971); the former statute (18 U.S.C. § 3148) incorporated a presumption in favor of bail after conviction. The new Act eliminates this presumption and replaces it with a presumption against post-conviction release. The legislative history includes two important findings upon which 18 U.S.C. § 3143 was based:

1. Once guilt of a crime has been established in a court of law, there is no reason to favor release pending imposition of sentence or appeal. The conviction, ... is presumably correct in law.

2. (R)elease of a criminal defendant into the community after conviction may undermine the deterrent effect of the criminal law, especially in those situations where an appeal of the conviction may drag on for many months or even years.

District courts have applied the Bail Reform Act of 1984 consistent with the expressed congressional intent. *See United States v. Catala Fonfrias*, 612 F.Supp. 999 (D.P.R.1985); *United States v. Farran*, 611 F.Supp. 602 (S.D.Tex.1985); *United States v. DiVarco*, 602 F.Supp. 1029 (N.D. Ill.1985). A presumption of detention is created under 18 U.S.C. § 3143(a). In overcoming this presumption, the defendant has the burden to prove, by clear and convincing evidence, that he will not flee nor pose a danger to the safety of any other person or the community.

The clear and convincing evidence standard is also utilized in 18 U.S.C. § 3142(f)(2)(B), with respect to a defendant's danger to the community at the pre-

trial detention stage. This standard has been construed by the Second Circuit as "something more than 'preponderance of the evidence,' and something less than 'beyond a reasonable doubt.'" *United States v. Chimurenga*, 760 F.2d 400, 405 (1985). "(T)his standard of proof requires that the evidence support such a conclusion with a high degree of certainty." *Id.*

As for the procedural matters, the requirement of a judicial officer's "finding by clear and convincing evidence" has been interpreted as necessarily connoting a hearing. *DiVarco*, 602 F.Supp. at 1035.

In summary, after conviction the defendant shall be detained unless the court finds, after a hearing, that upon the weight of clear and convincing evidence the defendant has proven that he will not flee or pose a danger to any other person or the community.

■ The evidence in the trial of this case has shown defendant to be a drug dealer. Two witnesses, granted immunity, testified to purchasing cocaine from defendant. Guns, loaded and unloaded, were found in defendant's home and car. Cocaine was found with the defendant and in his house. Defendant attempted to flee from government agents before his apprehension. Defendant was so sophisticated that he would leave his work upon call by a pager and deliver cocaine. Defendant was in the cocaine business.

Defendant has appeared at all hearings and he and other witnesses believe that he will continue to so appear. His consistent appearance may support a finding that defendant may not flee. This is one of the two tests the court must apply when considering defendant's release pending sentence. The second test the court must apply is also found in 18 U.S.C. § 3143(a) and is that defendant "is not likely to ... pose a danger to the safety of any other person or the community if released." Defendant carries the burden of showing that if released on bail, he will not pose a danger to the community. Pursuant to 3143(a) defendant has the burden to show by clear and convincing evidence that defendant does not pose a danger to the safety of any other person or the community. Evidence of defendant's drug business, the weapons, his mode of operation, and a complete failure of evidence to remotely reflect that he will not be engaged in the same business does not show by clear and convincing evidence that he would not be a danger to the safety of the community if released pending sentence.

Defendant has not produced clear and convincing evidence that he would not threaten or be a danger to the safety of the community if released. Defendant's motion for bail pending sentence is denied.