UNITED STATES of America,
Plaintiff–Appellee,

v.

Francis Allan CLARK,
Defendant–Appellant.

No. 90–4399.

United States Court of Appeals,
Fifth Circuit.

Oct. 31, 1990.

Ronald J. Rakosky, New Orleans, La., for defendant-appellant.

Tonda L. Curry, Asst. U.S. Atty., Bob Wortham, U.S. Atty., Tyler, Tex., for plaintiff-appellee.

Before JOLLY, HIGGINBOTHAM and JONES, Circuit Judges.

## ON PETITION FOR REHEARING

The defendant-appellant and movant for release on bail, Francis Allan Clark, brings before us his petition for rehearing of our September 27, 1990 order, which partially dismissed his appeal for lack of jurisdiction and denied his motion for release pending appeal. For the reasons stated below, we grant Clark's petition and withdraw our previous order dismissing part of his appeal, but, for additional reasons, we deny his motion for release pending appeal.

I

On June 29, 1987, Clark pleaded guilty to four counts of aiding and abetting in the making of materially false statements to a federally insured savings and loan institution, a violation of 18 U.S.C. §§ 2 and 1014. Sentencing was deferred so that Clark could cooperate with the government in ongoing investigations of bank fraud. Two years later, however, Clark filed a motion to withdraw his guilty plea. After an evidentiary hearing, the district court denied this motion on January 24, 1990. On February 23, almost one month later, Clark was sentenced to eight years imprisonment and ordered to pay a $20,000 fine along with $2 million in restitution.

Upon being sentenced, Clark immediately filed a motion for correction of an illegal sentence under Fed.R.Crim.P. 35(a). This motion was denied on May 17 and docketed by the district court four days later. On May 29, Clark filed a notice of appeal not only from the denial of his Rule 35(a) motion, but also from his sentence and from the denial of his motion to withdraw his guilty plea.

After filing this notice, Clark moved the district court to release him pending appeal, which was denied by written order on June 5. In accord with Fed.R.App.P. 9(b), Clark then made the same motion before this court. By an order issued September 27, we determined that Clark's May 29 notice of appeal was timely only as to the lower court's denial of his motion to correct an illegal sentence. It was not, we concluded, a timely notice with respect to Clark's appeal of his sentence or of his denial of his motion to withdraw his guilty plea. Accordingly, we dismissed these aspects of Clark's appeal under Fed.R.App.P. 4(b) and went on to hold that Clark—whose only appeal, consequently, was the denial of his Rule 35(a) motion—did not show the exceptional circumstances required to justify release pending a non-direct appeal.

II

In his petition for rehearing, however, Clark argues that he filed a notice of appeal on March 2, well within ten days of

the docketing of his February 23 sentence. This notice, he contends, is substantively identical to his May 29 notice and unequivocally expresses his intention to appeal the lower court's denial of his motion to correct an illegal sentence, the sentence itself, and the court's denial of his motion to withdraw his guilty plea. As Clark freely admits, he asked the district court clerk to return his March 2 notice of appeal; he also concedes that the clerk indeed returned the notice of appeal, crossed out the docket entry that reflected receipt of the notice, and wrote in its place "(returned to atty per his request—filed prematurely)". Nevertheless, Clark maintains that his March 2 notice met all prerequisites for a valid notice of appeal under Fed.R.App.P. 3, and that his withdrawal of the notice through the court clerk was a legal nullity.

We agree. Without doubt, Clark's notice of appeal was indeed filed with the district court: It bears the stamp of the court clerk, marking it as "FILED" on March 2. The timely filing of a valid notice constitutes the necessary and sufficient requisite to a valid appeal. "An appeal permitted by law as of right from a district court to a court of appeals shall be taken *by filing a notice of appeal* with the clerk of the district court within the time allowed by Rule 4." Fed.R.App.P. 3(a) (emphasis added). The 1967 advisory notes to Fed.R.App.P. 3(a) indicate that "nothing other than the filing of a notice of appeal in the district court [is required] for the perfection of the appeal." *See also Wright, Miller, Cooper & Gressman, Federal Practice and Procedure:* Jurisdiction § 3949 ("The act of filing the notice of appeal, within the time allowed by Rule 4, constitutes 'taking an appeal' or 'perfecting an appeal' for all Jurisdictional purposes, as Rule 3(a) provides."). Hence, the simple return of Clark's notice of appeal—even if done at Clark's behest—was a legally meaningless

act, as it came *after* Clark had already lodged a fully valid and perfected appeal.

■ This is not to say, of course, that Clark could not have withdrawn his appeal after his notice of appeal was filed. Fed.R. App.P. 42(a) permits an appellant to voluntarily dismiss any appeal given that the appeal (as was the case here) has not been docketed in the court of appeals. But Fed. R.App.P. 42(a) conditions dismissal "upon the filing ... of a stipulation for dismissal signed by all the parties, or upon motion and notice by the appellant." In Clark's case, these conditions were not satisfied: There was neither a written, signed stipulation nor a motion made to the court. Consequently, Clark's appeal—already valid— was never properly withdrawn. *See generally Williams v. United States,* 553 F.2d 420 (5th Cir.1977).

Thus, we may not dismiss any portion of Clark's appeal as untimely.[1] We now turn to the merits of Clark's motion for release pending appeal.

### III

■ To obtain release pending appeal, a convicted defendant must establish four factors: (1) that he is not likely to flee or pose a danger to the safety of others; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that the substantial question, if decided favorably to the defendant, is likely to result in reversal, in an order for a new trial, in a sentence without imprisonment, or in a sentence with reduced imprisonment. Fed.R. App.P. 9(c); 18 U.S.C. § 3143(b). In its written order of June 5, the district court ruled that Clark passed prongs one, two, and four of this test, yet not prong three. Although we are obligated to independently assess the strength of Clark's motion for

---

1. We note that Clark's appeal of the denial of his motion to withdraw his guilty plea was entirely proper upon the finality of his conviction. The district court's January 24 denial of that motion was not a final judgment, and any attempt by Clark to immediately appeal that denial would have been premature. *See Midland Asphalt Corp. v. United States,* 489 U.S. 794, 109 S.Ct.

1494, 103 L.Ed.2d 879 (1989); *United States v. Gottlieb,* 817 F.2d 475 (8th Cir.1987).

Similarly, while it is true that the March 2 notice of appeal was premature insofar as Clark's motion to correct an illegal sentence was concerned, Clark's May 29 notice was timely so as to perfect his appeal of the district court's denial of that motion.

release, *see, e.g., United States v. Hawkins,* 617 F.2d 59 (5th Cir.), *cert. den.,* 449 U.S. 952, 101 S.Ct. 355, 66 L.Ed.2d 215 (1980); *United States v. Provenzano,* 605 F.2d 85 (3rd Cir.1979), we concur with the district court's determination that the prong of the four-part test that poses a problem for Clark is the third one: whether Clark's appeal raises a so-called substantial question, one that is "close" or "that could very well be decided the other way" by the appellate court. *United States v. Valera–Elizondo,* 761 F.2d 1020, 1024 (5th Cir. 1985) (citing *United States v. Giancola,* 754 F.2d 898 (11th Cir.1985)).

### A

Clark's first assignment of error relates to the court's denial of his motion to withdraw his guilty plea. Clark suggests that he presented a "fair and just reason" for requesting the withdrawal, and that therefore the court was obligated under Fed.R. Crim.P. 32(d) to grant his motion. More particularly, he argues that under the factors cited in *United States v. Carr,* 740 F.2d 339 (5th Cir.1984), he has presented a "fair and just reason" for rescinding his earlier plea of guilt.

 we are unpersuaded that this assignment constitutes a substantial question that supports his release pending appeal. Concededly, there are indications in the record to support Clark's contention that some of the *Carr* factors cut in his favor. For example, Clark at times protested his innocence even after entering his plea, his counsel appears to have relied inordinately upon the advice of prosecuting authorities, and his wife was threatened with indictment on separate charges if Clark refused to plead guilty. Nevertheless, other *Carr* factors militate against Clark's release pending appeal: He filed his motion to withdraw more than two years after entering his guilty plea; because two individuals instrumental in Clark's prosecution are no longer government employees, withdrawal would prejudice the government's effort to pursue a case against Clark; and, finally, there is no evidence that the government's threat to indict Mrs. Clark was made in bad faith, and absent such a showing, the threat was a perfectly proper bargaining chip. *United States v. Nuckols,* 606 F.2d 566 (5th Cir.1979). Given this mixed bag of *Carr* factors, and given that a lower court's denial of a motion to withdraw a guilty plea is reversed only for an abuse of discretion, *United States v. Daniel,* 866 F.2d 749, 752 (5th Cir.1989), we cannot conclude that this allegation of error is so convincing as to indicate that Clark has "a substantial chance of prevailing" on appeal. *Valera–Elizondo,* 761 F.2d at 1024.

### B

 Clark's only other relevant argument on appeal is his claim that the district court violated Fed.R.Crim.P. 11(e) in passing over his plea agreement.[2] If his was a non-binding agreement, Clark contends, then the court violated Rule 11(e)(2) by not advising him that "if the court does not accept the recommendation or request," he "nevertheless has no right to withdraw the plea." On the other hand, Clark argues that if his agreement *was* binding, it was breached when he was sentenced to pay restitution above and beyond the sums for which, according to his agreement, he was to be held responsible. Under Rule 11(e)(4), he concludes, this breach would make it incumbent upon the court to afford him an opportunity to withdraw his plea.

Again, we are unable to hold that this argument reaches the level of a substantial question. With respect to this assignment of error, we merely adopt the reasoning of the district court in its order of May 17, denying Clark's motion to correct an illegal sentence.

Accordingly, Clark cannot rely on this assertion of error to support his motion for release. *See* Fed.R.App.P. 9(c); 18 U.S.C. § 3143(b)(2)(A) through (D).

---

**2.** Clark raises a third issue on appeal: that the denial of his Fed.R.Crim.P. 35(a) motion was erroneous. This argument, however, relates only to whether the court could properly have sentenced Clark to pay $2 million in restitution.

## IV

We emphasize that nothing in this opinion is to be construed as a reflection on the merits of Clark's appeal. We hold only that Clark has failed to rebut the presumption of 18 U.S.C. § 3143, and that consequently he is not entitled to release for the duration of his appeal.

Accordingly, the panel's previous order is WITHDRAWN, and Clark's motion for release pending appeal is DENIED.