Gladys H. REDEAUX, Appellant,

v.

UNITED STATES of America, Appellee.

No. 1:91–CR–117–1.

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 10, 1992.

Louis Dugas, Orange, Tex., for appellant.

D.R. Smith, Asst. U.S. Atty., Beaumont, Tex., for appellee.

ORDER

COBB, District Judge.

*Facts*

Appellant was convicted for embezzling union funds. She appealed claiming the magistrate committed error in making the findings he used to compute her sentence. On October 15, 1992, this court affirmed Appellant's sentence. She now moves to be released from prison on bail pending her appeal to the Fifth Circuit.

## Discussion

Both parties agree that this motion hinges on whether Ms. Redeaux qualifies for bail pursuant to 18 U.S.C. § 3143(b) (Supp. 1992). That statute states:

[A judge] shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment and has filed a notice of appeal ... be detained, unless the [judge] finds:

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ... ; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

i. reversal,

ii. an order for a new trial,

iii. a sentence that does not include a term of imprisonment, or

iv. a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The Fifth Circuit explained that in order to be released pending appeal, the burden is on the convicted defendant to prove the following four factors:

1. the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

2. the appeal is not for the purpose of delay;

3. the appeal raises a substantial question of law or fact; and

4. if that substantial question is determined favorably for the defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*United States v. Valera–Elizondo,* 761 F.2d 1020, 1025 (5th Cir.1985). The *Valera* court defined "substantial question" to mean "... that the issue presented must raise a substantial doubt (not merely a fair doubt) as to the outcome of its resolution." *Id.* at 1024.

Ms. Redeaux may have carried her burden of proof as to the first two factors. Her affidavit indicates that she has established roots in this community. Her home and family are here. She has no prior convictions and her crime of embezzlement is not one that intimates a danger to others or her community. Therefore, Ms. Redeaux is not likely to flee or pose a danger to the safety of any other person or the community if released.

Mr. Dugas, Ms. Redeaux's attorney, certified in his supporting brief that the appeal is not frivolous or taken for the purpose of delay. Based on Mr. Dugas' brief, the appeal is probably not taken for the purpose of delay.

Ms. Redeaux, however, fails the third prong. In order for her appeal to raise a substantial question of law or fact, the "substantial question" must be "close" or one "that could be decided the other way by the appellate court." *United States v. Clark,* 917 F.2d 177, 176 (5th Cir.1990). She has failed to provide any such clear and convincing evidence. As a result, she cannot meet the fourth factor either.

It is, therefore, ORDERED, that Defendant's Motion for Release Pending Appeal is hereby DENIED.