**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 18, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 01-21244
Summary Calendar

———————————

EDMUND B. HEIMLICH,

      Plaintiff-Appellant,

                      versus

FIRST BANK N.A.; ET AL.,

      Defendants,

FIRST BANK N.A.,

      Defendant-Appellee.

———————————

Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-3418

———————————

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Edmund B. Heimlich appeals the jury verdict for First Bank,
N.A., on his civil-rights complaint. For the reasons stated below,
we AFFIRM.

    Heimlich filed suit alleging that First Bank made false
statements that caused him to be charged with and convicted of a

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

crime that was later overturned by the state appellate court. He further argued that First Bank invaded his privacy in violation of the federal Privacy Protection Act; tortiously interfered with his contractual and business relationships; converted his money; wrongfully dishonored his check; and maliciously prosecuted him, resulting in false imprisonment and intentional infliction of emotional distress. The jury rejected most of his contentions. It found, for example, that First Bank had not engaged in a conspiracy to deprive Heimlich of liberty or property, and that First Bank was not negligent in placing a hold on his bank account. The jury did, however, find that First Bank violated its fiduciary duty to Heimlich by releasing account information without authority and by seizing the proceeds in his account. Nonetheless, the jury found that Heimlich suffered no damages from that breach.

Shortly after the district court entered final judgment on December 4, 2001, Heimlich filed a notice of appeal, in which he raised three specific issues. First, he contended that the district court erred by giving the jury a "jury nullification" instruction. Second, he claimed that the district court erred in submitting a state appellate court opinion to the jury. Finally, he argued that the evidence did not support certain jury findings, that the court's § 1983 jury instruction incorrectly included an intent requirement, and that the court erred in presenting the issue of probable cause to the jury for determination. Just over a week later, he attempted to withdraw that filing by submitting a

2

"Withdrawal of Appeal" so that the district court could rule on his post-trial motions. He filed a second notice of appeal on February 13, 2002. In this notice, he raised two additional arguments: that multiple errors rendered a constitutionally intolerable result and that he was denied equal protection and due process by the district court.

Heimlich's attempted withdrawal of his original notice of appeal, however, was ineffective.[1] Because Heimlich's first notice of appeal raised three specific issues, our review is confined to those issues only.[2] In his brief to this court, Heimlich failed to brief two of these issues – the submission of the state appellate opinion to the jury, and the sufficiency of the evidence. Accordingly, he has waived these two issues.[3] The only issues properly before us involve the district court's jury instructions. Heimlich has not shown that he raised any objection to the jury instructions before the jury began deliberation, and we therefore

---

[1]*See United States v. Clark*, 917 F.2d 177, 179 (5th Cir. 1990) (noting that the act of filing a notice of appeal within the time period allowed by Fed. R. App. P. 4 constitutes the taking of an appeal); Fed. R. App. P. 42 (allowing dismissal of an appeal after it has been docketed "if the parties file a signed dismissal agreement specifying how costs are to be paid and pay any fees that are due").

[2]*See Capital Parks, Inc. v. Southeastern Adver. & Sales Sys., Inc.*, 30 F.3d 627, 630 (5th Cir. 1994).

[3]*Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

3

review the instructions for plain error only.[4]

Heimlich first contends that the district court erred in instructing the jury that intent is an element of a § 1983 claim. The district court instructed the jury that, in order to prevail on his § 1983 claim, he must prove that "First Bank intentionally committed acts that violated" certain of Heimlich's constitutional rights. Although § 1983 itself does not contain an independent intent requirement, a plaintiff must prove a violation of an underlying constitutional or statutory right,[5] and this underlying right may contain an intent component. In this case, Heimlich's § 1983 claim was based upon an allegation of malicious prosecution. Under Texas law, the tort of malicious prosecution includes, as an element, a requirement that the defendant acted with "malice." Moreover, a private actor is not amenable to suit under § 1983 unless the party was "'a willful participant in joint action with the State or its agents.'"[6] Given that the definition of "malicious prosecution" requires malice and that § 1983 requires willfulness, it cannot be said that the court's instruction on intent was plain error.

Heimlich next argues that the district court's instruction to

_____

[4]*See Russell v. Plano Bank & Trust*, 130 F.3d 715, 719-21 (5th Cir. 1997).

[5]*See Daniel v. Williams*, 474 U.S. 327, 330 (1986).

[6]*Pete v. Metcalfe*, 8 F.3d 214, 216 (5th Cir. 1993) (*quoting Dennis v. Sparks*, 449 U.S. 24, 27 (1980)).

4

the jury on probable cause was error. Although his argument here is unclear, he appears to claim that the jury should have been instructed that he was prosecuted without probable cause. To prevail on a claim of malicious prosecution under Texas law, however, a plaintiff must prove that the defendants acted without probable cause.[7] The jury was thus entitled to determine whether First Bank reasonably could have believed that Heimlich had committed a crime before the criminal proceedings were begun.[8] Heimlich has not shown that the district court plainly erred by submitting this issue to the jury.

Heimlich's final argument is that the district court erred by telling the jury "stories" regarding "jury nullification." The record on appeal does not reflect any such "stories" or instructions to the jury, and Heimlich has provided us with no information to corroborate his claim. Consequently, Heimlich has not shown the existence of plain error.

Because each of Heimlich's arguments are without merit, the judgment of the district court is AFFIRMED.

The parties each filed numerous motions with their briefs on appeal. We dispose of these as follows. First Bank's request to strike the "Notice of Appeal" contained in Heimlich's record

---

[7] *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999).

[8] *See Piazza v. Mayne*, 217 F.3d 239, 245 (5th Cir. 2000); *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997).

5

excerpts is GRANTED.  The motions that Heimlich included in his reply brief – a petition for a writ of mandamus and motion to strike portions of First Bank's brief – are DENIED.  Heimlich's motion for retroactive recusal of the district judge and his petition for en banc hearing are DENIED.  The "Supplemental Letters" that Heimlich submitted, presumably pursuant to Fed. R. App. P. 28(j), are STRICKEN for noncompliance with the rule.