617 F.2d 59
 UNITED STATES of America, Plaintiff-Appellee,
v.
Howard "Sonny" HAWKINS, Roger E. Beckman, William D. "Bill"
McCain, George Rawls, a/k/a Howard Kenith Leigh,
Ned Ames, Jorge Luis Valdes, James
Patrick Herman, Defendants-Appellants.
 No. 80-7140.
 United States Court of Appeals,
Fifth Circuit.
 May 2, 1980.
 
 R. David Botts, Atlanta, Ga., for Hawkins.
 Walter L. Brady, Jr., St. Louis, Mo., for Beckman.
 Paul Storment, Jr., Belleville, Ill., for McCain.
 John R. Martin, Atlanta, Ga., for Rawls.
 Al Horn, Atlanta, Ga., for Ames.
 Shelby Highsmith, Miami, Fla., for Valdes.
 Martin G. Weinberg, Boston, Mass., Brayton S. Dasher, Macon, Ga., for Valdes.
 Donald L. Wolff, Clayton, Mo., for Herman.
 Richard E. Nettum, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.
 Appeals from the United States District Court for the Middle District of Georgia.
 Before GODBOLD, REAVLEY and ANDERSON, Circuit Judges.
 
 BY THE COURT:
 
 1
 Petitioner Valdes was denied release on bail pending appeal after conviction and moves this court to order his release on bail not to exceed $500,000.
 
 
 2
 Valdes was arrested in Panama and expelled to the United States, where he was jailed in May 1979, and a superseding indictment issued in July 1979 charging him, together with 19 others, with conspiracy to import marijuana, methaqualone and cocaine. The district court set pretrial bail at $2,000,000, Valdes appealed to this court and we denied relief. Thereafter the district court reduced bail to $500,000. Valdes met this requirement and complied with all conditions including surrender of his passport, restrictions on travel to the states of Georgia and Florida, and daily contact with a probation officer. He made all court appearances as required, including appearing for sentencing approximately three weeks after conviction.
 
 
 3
 Valdes was given a maximum sentence of 15 years imprisonment, $25,000 fine, and 15 years special parole.
 
 
 4
 Valdes is 24 years old. He is well educated and has a good employment record. He has family ties in this country, including a wife, an ex-wife, and a child. He has filed affidavits attesting to his character.
 
 
 5
 Factors we have set out tend to indicate that Valdes would not flee the country, cf. Truong Dinh Hung v. U. S., 439 U.S. 1326, 99 S.Ct. 16, 58 L.Ed.2d 33 (1978), but the district court based its determination on another prong of the Bail Reform Act, 18 U.S.C. § 3148, its conclusion that Valdes posed a threat to the community because of the possibility that he would continue trafficking in drugs while on bail. Underlying this conclusion were matters developed in connection with pretrial release, during trial, and at hearing of the motion for release pending appeal. The district judge examined tax returns of Valdes and of corporate enterprises in which Valdes participates with his father. He found they showed minimal earnings on the part of Valdes and that the enterprises did not account for the substantial resources that defendant claims to have. The district court found it had not been shown any legitimate source for funds necessary for Valdes to acquire and maintain a cattle ranch for fine cattle, to live in an apartment with rent of more than $1,000 per month, and to continue (until re-incarcerated) the same high style of life engaged in before his arrest.
 
 
 6
 The cocaine purchased in the present conspiracy had cost at least $1,300,000. Some $132,000 in cash was seized at the Miami airport in connection with the conspiracy, and Valdes claims these funds. One of the enterprises in which Valdes is involved owns an ocean going freighter. He frequently travels by commercial and private plane.
 
 
 7
 There was testimony at trial that Valdes had engaged in cocaine dealings before the present conspiracy. He told of having "two buyers in San Francisco that always bought his coke" and "he only sold to the same two people." There was other testimony that during the conspiracy, while on a flight by private plane to Colombia to pick up contraband, Valdes spoke of owning 20,000 pounds of marijuana in Colombia that was awaiting transportation to the United States; it was not part of the subject of the present conspiracy, and Valdes unsuccessfully attempted to have it hauled back to the United States on the same plane. With respect to the cocaine involved in this conspiracy, Valdes stated that when it had been delivered to an air field in Georgia he would have it transported to Miami by car and then would take it on a Lear Jet plane to San Francisco.
 
 
 8
 Under these circumstances, the district court concluded that Valdes had been part of a large and well-financed drug operation and had not produced any substantial evidence indicating that he had severed his connection with it. Rather, the court implied, the risk of continued illegal drug activities was a danger.[1]
 
 
 9
 The government urges that the single fact that Valdes has engaged in one drug conspiracy, by itself, is sufficient basis for a conclusion that the risk of repetition is a danger to the community that supports denial for bail, relying upon U. S. v. Miranda, 442 F.Supp. 786 (S.D.Fla.1977), rev'd on other grounds, 593 F.2d 590 (5th Cir. 1979). This argument misstates the holding in Miranda, and the district judge in the present case did not hold that one swallow makes a summer; rather, he concluded from all the surrounding circumstances that the risk of continued drug activity by Valdes was so high that he is a danger to the community. The record before us does not convince us that we should reach a different conclusion.
 
 
 10
 The motion for bail pending appeal is DENIED.
 
 
 
 [1]
 Valdes has filed with this court an affidavit from an accountant stating that he has examined the books of a corporation that allegedly has paid Valdes a salary of over $6,000 per month, as tending to establish a legal source for Valdes's living expenses, and states his opinion that the corporation can continue that salary pending appeal. We are not informed what business the corporation engages in, and its records were not among those delivered to the district judge for his scrutiny. Valdes has also filed other affidavits attempting to explain why records submitted to the district court did not show greater income in corporations in which Valdes has an interest. These documents do not change our conclusion