UNITED STATES of America,
Plaintiff-Appellee,

v.

Wayne Patrick GEBRO, Defendant-Appellant.

No. 91-50603.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 1991.

Decided Nov. 7, 1991.

---

Before BEEZER, WIGGINS and O'SCANNLAIN, Circuit Judges.

## ORDER

On October 16, 1991, we issued an unpublished order denying appellant's motion for bail pending trial. We now publish this order to explain our October 16, 1991 order.

*BACKGROUND*

In February, 1990, appellant Wayne Patrick Gebro was charged with one count of aiding and abetting an armed bank robbery.[1] A magistrate judge ordered Gebro detained pending trial. On May 3, 1990, a jury convicted Gebro on the one count of aiding and abetting an armed bank robbery. Subsequently, the district court sentenced Gebro to 132 months incarceration. On February 22, 1991, this court reversed Gebro's conviction on the ground that the district court improperly added a fourth element to the definition of duress in the jury instructions. *United States v. Gebro*, 925 F.2d 1471 (9th Cir.1991).

On September 16, 1991, the government moved for pretrial detention.[2] On September 19, 1991, Magistrate Judge King denied the government's motion, ordered Gebro released pending trial, and set bail at $25,000. At a trial setting hearing on September 23, 1991, United States District Court Judge David W. Williams indicated that he thought Gebro was a flight risk and a danger and ordered a detention hearing for the next day. The district court held the hearing and on September 24, 1991, orally and in a written memorandum vacated the

1. Gebro allegedly drove the getaway car for two bank robbers. The getaway vehicle was pursued by police. After the robbers fled the vehicle, Gebro apparently continued to try to evade the police. At trial, Gebro raised the defense of duress, i.e. that the bank robbers forced him to drive the getaway vehicle.

2. On September 16, 1991, the district court dismissed the indictment without prejudice due to a Speedy trial Act violation. On September 17, 1991, a new indictment was filed.

magistrate judge's release order and ordered Gebro detained. Gebro appeals.

## DISCUSSION

Gebro challenges this district court's order revoking bail on two grounds. First, Gebro argues that the district court lacked jurisdiction to review sua sponte the magistrate judge's release order. Second, Gebro challenges the district court's conclusion that the government has met its burden of proof on flight risk and danger. We address each of these arguments in turn.

### 1. Jurisdiction

■ Pursuant to the Bail Reform Act of 1984,

> Review of a release order.—If a person is ordered released by a magistrate, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court—
>
> > (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release.

18 U.S.C. § 3145(a).

This circuit has not ruled on the question of whether the district court can sua sponte review a magistrate judge's detention order. Gebro argues that in this case, "[t]here was no authority to reconsider or revoke the release order, plain and simple." Gebro is correct. Section 3145(a) does not expressly provide for sua sponte review of the magistrate's detention order.

The Eight Circuit, however, has held in a similar situation that, "[w]e thus cannot conclude that the government's failure to request detention before the magistrate, or for that matter at all, constrains the district court judge." *United States v. Maull*, 773 F.2d 1479, 1486 (8th Cir.1985) (en banc). In *Maull*, a magistrate judge

set Maull's bond at $1,000,000. Maull appealed the conditions of release to the district court. On review, the district court held a detention hearing and ordered Maull detained. Maull appealed to the Eighth Circuit arguing that the district court, on review of a magistrate judge's bond order, could not on its own motion order a detention hearing and subsequently order the defendant detained. *Id.* at 1481.

The Eighth Circuit, sitting en banc, held 5–4 that the district court did have such power. The *Maull* court relied upon the Section 3142(f) provision permitting the court to call sua sponte for a detention hearing and "the mandated relationship between magistrates and the district court under the Federal Magistrates Act and Article III." *Id.* at 1486. We adopt the reasoning of the Eight Circuit's majority in *Maull*. As that court explained:

> Sections 3145(a) and (b) underscore the importance of the judge having original jurisdiction over the offense. We do not believe that this substantial responsibility, placed in the hands of an Article III judge, can be diminished by the earlier action of a magistrate. In vesting decision-making authority in magistrates under the Federal Magistrate's Act, 28 U.S.C. § 636, Congress was sensitive to Article III values. It emphasized that "the magistrate acts subsidiary to and only in aid of the district court," and that "the entire process takes place under the district court's total control and jurisdiction." *United States v. Raddatz*, 447 U.S. 667, 681, 100 S.Ct. 2406, 2415, 65 L.Ed.2d 424 (1980).

*Id.*[3]

Accordingly, we hold that the district court had the jurisdiction to reopen the bail issue on its own motion. We now consider the merits of the district court's detention order.

---

**3.** The *Maull* dissent argued, in part, that to permit the district court to move for detention and order detention violates due process. *Id.* at 1494. This is similar to the argument Gebro makes. The *Maull* dissent argues that such a procedure makes the district court both prosecutor and judge. The dissent relied upon a

United States Supreme Court case in which the court found error where a state judge charged a defendant with contempt and then presided over the subsequent hearing on contempt. *See In re Murchison*, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942 (1955). In the bail context, however, the court is not adjudicating guilt or innocence.

2. Merits of the Detention Order

] The Bail Reform Act of 1984, 18 U.S.C. §§ 3141, et seq., requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(c)(2); *United States v. Motamedi,* 767 F.2d 1403, 1405 (9th Cir.1985). Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor. *Motamedi,* 767 F.2d at 1405. On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community. *Id.* at 1406–07.

] Section 3142(g) specifies the various factors that must be considered in determining whether there are conditions of release that will reasonably assure the appearance of the person and the safety of the community. 18 U.S.C. § 3142(g). These factors are: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *Id.; Motamedi,* 767 F.2d at 1407. Of these factors, the weight of the evidence is the least important, and the statute neither requires nor permits a pretrial determination of guilt. *United States v. Winsor,* 785 F.2d 755, 757 (9th Cir.1986); *Motamedi,* 767 F.2d at 1408.

] The standard of review for pretrial detention orders is one of deference to the district court's factual findings, absent a showing that they are clearly erroneous, coupled with an independent review of the facts, the findings, and the record to determine whether the order may be upheld. *Motamedi,* 767 F.2d at 1406.

] The district court ordered Gebro detained on the grounds that he is both "a danger to the public and himself" and "a high category of flight risk." The district court based its findings on the following facts:

> [T]he defendant has been transient for several years prior to the criminal offense herein; that he lived in a van; that he has no family ties; having rejected all contact with relatives; that he was unemployed since 1980 except for collecting scrap metal; that he was an admitted user of drugs since the early 1980's who has failed several times to break this habit.

Gebro, who is approximately 42 years old, has lived in Southern California his entire life. Since his first trial, Gebro has renewed contact with his sister and his children and has participated in a drug program. Gebro has been in touch with his sister on a weekly basis, exchanging letters and telephone calls. Gebro's sister is willing to have him reside with her if he is released.

Gebro has also indicated that although he previously had a drug problem, he has been drug free for the past 16 months and 15 days. The government counters this claim by stating that since Gebro did not have an opportunity to complete the drug program while he was incarcerated, he may go back to drug use, "which would in turn increase the likelihood that he would flee." Gebro's prior criminal record consists primarily of drug-related offenses. Gebro was arrested for several offenses between 1983 and 1989. The charges included being under the influence of a controlled substance, trespass, misuse of a syringe, providing false identification to a peace officer, and possession, manufacture, and sale of a dangerous weapon.

Finally, Gebro has already been convicted once for the underlying charges and in that case received a 132–month sentence. The weight of the evidence is the least important of the factors, and the bail statute neither requires nor permits a pretrial determination of guilt. *United States v.*

*Winsor,* 785 F.2d 755, 757 (9th Cir.1986). Nevertheless, Gebro's knowledge that a jury has previously rejected his duress defense and his knowledge of the fact that he was sentenced to a lengthy period of incarceration makes it more likely that he will flee.

Accordingly, we find that the government has shown by a preponderance of the evidence that Gebro is a flight risk. We also find that the government shown by clear and convincing evidence that Gebro is a danger to the community.

Accordingly, Gebro's motion for release pending trial is denied. The district court's detention order is affirmed.