**UNITED STATES of America, Plaintiff,**

v.

**Steven E. CLARK, Defendant.**

**No. CR–92–090–WFN.**

United States District Court, E.D. Washington.

May 21, 1992.

Thomas O. Rice, Asst. U.S. Atty., Spokane, Wash., for plaintiff.

Patrick K. Stiley, Spokane, Wash., for defendant.

### ORDER REVOKING DETENTION ORDER AND SETTING CONDITIONS OF RELEASE

WM. FREMMING NIELSEN, District Judge.

BEFORE THE COURT is defendant's motion to revoke the magistrate's order of detention. The order was filed on April 10, 1992, and defendant filed the motion on April 17, 1992. The court has reviewed the tape recording of the hearing held before the magistrate, the magistrate's order, and the pretrial services report.

The court must be guided by the well-established principles that the Bail Reform Act of 1984, 18 U.S.C. §§ 3141–56, requires release under the least restrictive conditions that will assure appearance and community safety; that release should be denied only in rare instances; that doubts regarding the propriety of release should be resolved in defendant's favor; and that the government must show a flight risk by a preponderance of evidence, and danger to the community by clear and convincing evidence. *See, e.g., United States v. Gebro,* 948 F.2d 1118, 1121 (9th Cir.1991). The court concludes, however, that 18 U.S.C. § 3142(e) applies and the inquiry into whether defendant should be released pending trial thus begins with the rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." [1]

The Ninth Circuit has not dealt directly with the effects of section 3142(e). The overwhelming weight of authority from other circuits is that the presumption shifts only the burden of production, not the burden of persuasion, and ultimate burden of persuasion remains on the government. Defendant must produce only "some evidence" that he is not a flight risk and does not pose a danger to the community in order to rebut the presumption. If the defendant produces some evidence, the presumption does not disappear, but rather continues to have some evidentiary weight. Throughout the process, the burden on the government remains one of persuasion by clear and convincing evidence. *See United States v. Rodriguez,* 950 F.2d 85, 88 (2nd Cir.1991) (defendant must produce some evidence, presumption retains evidentiary weight); *United States v. Dillon,* 938 F.2d 1412, 1416 (1st Cir.1991) (must produce some evidence, presumption retains evidentiary weight, burden of persuasion remains on government); *United States v. Bosquez–Villarreal,* 868 F.2d 1388, 1389 (5th Cir.1989) (government retains ultimate burden of persuasion); *United States v. Cook,* 880 F.2d 1158, 1162 (10th Cir.1989) (burden of production, not persuasion, shifted; burden not heavy, requires only some evidence; presumption remains a consideration); *United States v. Hurtado,* 779 F.2d 1467, 1470 n. 4 (11th Cir.1985) (defendant must produce some evidence, ultimate burden of persuasion remains on government); *United States v. Diaz,* 777 F.2d 1236, 1238 (7th Cir.1985) (defendant must produce some evidence, presumption continues to weigh in the balance).

At first blush, the analysis outlined in the preceding paragraph appears straightforward. Nonetheless, several questions remain largely unanswered by the cases, the most significant of which are

---

**1.** No one disputes that "the safety of the community" would be threatened by any drug-relat-ed activity on the part of defendant.

what constitutes "some evidence," and what "evidentiary weight" is to be given the presumption once defendant has produced evidence to rebut it. At the hearing before the magistrate, defendant presented evidence of the need for close medical supervision, his family ties and ties to the community, and the ability and willingness of his in-laws to provide a place to live if he were released. This is obviously "some evidence" to rebut the presumption that no conditions could assure defendant's appearance and the magistrate accepted it as such. The preponderance of evidence is that defendant does not pose a flight risk.

■ It is less obvious that the evidence constituted "some evidence" against the presumption regarding community safety. Apart from defendant's promise that he will not be a danger to the community, however, direct evidence on this issue would be difficult to produce and defendant must rely on such indirect evidence. *See United States v. Nicholas*, 681 F.Supp. 527, 529 (N.D.Ill.1988). In *Nicholas*, the court stated it was uncomfortable with the evidence, but that defendant's uncorroborated testimony concerning the duration of his residence in the United States, his employment history, and his service in the armed forces was some evidence to rebut the presumption that he would present a danger to the community. *Id.* Here medical reports and the Pretrial Services Report provide some corroboration for defendant's testimony. The court is satisfied that defendant has met his burden of production.

■ "Thus, the question becomes whether clear and convincing evidence exists that [defendant] is dangerous," *id.*, and that no set of conditions will assure community safety. In considering the evidence and making the determination the court takes into account information concerning: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) defendant's history and charac-

teristics, including family ties and mental and physical condition; and (4) the nature and seriousness of the danger to the community.[2] 18 U.S.C. § 3142(g).

■ The government presented evidence that defendant was originally taken into custody and subsequently released on April 2, 1992, following execution of a search warrant which yielded a quantity of crack cocaine, cash, and scales. Following defendant's indictment, agents went on to the motel where he was staying on April 8. After agents identified themselves, they heard a toilet flushing repeatedly, and defendant was found to have over $700 in cash. The court concludes it would be reasonable to infer from these facts that defendant had been dealing drugs between April 2 and April 8. Defendant stated he won the money gambling and there are many possible explanations for the flushing toilet in addition to the disposal of drugs. Thus, the evidence is far from conclusive and falls short of being clear and convincing evidence that defendant would pose a danger to the community if released now. Obviously, doubts concerning whether defendant poses a danger to the community exist. The doubt must be resolved in his favor. *Gebro*, 948 F.2d at 1121; *see also Hurtado*, 779 F.2d at 1470 n. 4 (if defendant has presented evidence to rebut section 3142(e) presumption, "when the government's showing is not clearcut, the presumption is that the defendant should not be detained"). Accordingly,

IT IS ORDERED: Defendant's motion to revoke the detention order (Ct.Rec. 15) is GRANTED. Defendant shall be released subject to the following conditions:

1. Defendant shall sign and complete form A.O. 199C (Advice of Penalties and Sanctions) before being released.

2. Defendant shall not commit any offense in violation of federal, state, or local law.

---

**2.** Because the court must consider these factors, the admonition of the case law that the presumption carries evidentiary weight once defendant produces some evidence to rebut it is somewhat redundant, if not meaningless. This is so because it is the nature of the offense, including potential penalties, and the history of the defendant that trigger the presumptions of section 3142(e).

3. Defendant shall reside in the home of his wife's mother and grandfather at 407 South Carnahan, Spokane, Washington.

4. Defendant shall be subject to home detention at 407 South Carnahan, Spokane, Washington. He shall not leave the residence at any time except for medical appointments and court appearances or as directed by the United States Probation Office. Defendant shall report for all court proceedings as required and surrender for service of any sentence imposed as directed. Defendant shall notify the Probation Office in advance of medical appointments.

5. Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

6. Defendant shall refrain from the use of alcohol, and the use or possession of controlled substances defined in 21 U.S.C. § 802, except as prescribed by a licensed medical practitioner. Defendant shall submit to scheduled or random urinalysis or related testing as directed by the Probation Office.

7. Defendant shall report to the Probation Office before or immediately after his release and shall report daily by telephone to the Probation Office and report in person in the manner and at the times directed by the Probation Office.

8. A violation of the conditions in Paragraphs 1–7 may result in the issuance of a warrant for the immediate arrest of defendant, revocation of release, an order of detention, and prosecution for contempt of court.