**UNITED STATES of America, Plaintiff,**

v.

**Stanley Churchill HARRIS, Defendants.**

**No. CR–S–95–312–LDG–(LRL).**

United States District Court,
D. Nevada.

Feb. 16, 1996.

John E. Ham, Asst. U.S. Atty., Las Vegas, NV, for plaintiff.

Scott Cantor, Las Vegas, NV, for Defendant Stanley Churchill Harris.

### ORDER

JOHNSTON, United States Magistrate Judge.

This matter came before the Court for a hearing on Defendant Harris' Motion to Modify Terms of Pretrial Release (# 75). Arguments by both parties were presented during a hearing held January 24, 1996. The Court has considered the Motion, the Government's Opposition to the Motion (# 92), the Defendant's Reply to the Government's Opposition (# 97), and the oral arguments. Additionally, pursuant to this Court's Order (# 96), the Government filed as a supplemental submission (# 98) copies of telemarketing complaints and interviews implicating Stanley Harris in alleged illegal telemarketing activity.

### BACKGROUND

Stanley Churchill Harris, was indicted on November 29, 1995, on one count of conspiracy in violation of 18 U.S.C. § 371, and thirty-

three (33) counts of wire fraud in violation of 18 U.S.C. § 1343, aiding and abetting in violation of 18 U.S.C. § 2, and telemarketing fraud in violation of 18 U.S.C. § 2326(1) and (2). The indictment alleges that Harris and others engaged in illegal telemarketing practices when he solicited citizens throughout the United States by telephone to purchase merchandise by inducing them with false promises of prizes and cash awards.

On December 7, 1995, Harris was arrested for these charges and released later that day on his his personal recognizance subject to several conditions imposed pursuant to the Bail Reform Act, including that he not be employed in the telemarketing industry. Harris seeks a modification of that employment restriction. Specifically, Harris maintains that he should be permitted to work for another telemarketing company since his solicitation activity there would be monitored and remain well within the limits of the law. Harris asserts that the paucity of evidence against him and his personal financial obligations present circumstances which justify his engaging in further telemarketing ventures.

## DISCUSSION

### A. INTENT OF PRETRIAL RELEASE CONDITIONS

Title 18, United States Code, Section 3142 of the Bail Reform Act guides courts in fashioning acceptable conditions of pretrial release. One purpose of the 1984 law is to address "the alarming problem of crimes committed by persons on release," by insuring that courts are given "adequate authority to make release decisions that give appropriate recognition to the danger a person may pose to others if released." S.Rep. No. 225, 98th Cong., 1st Sess., at 3 (1983), *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3185. Consequently, the statute requires judicial officers to impose the least restrictive release conditions that will *"reasonably assure ...* the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B) (emphasis added); *see also, United States v. Gebro,* 948 F.2d 1118, 1121 (9th Cir.1991).

The statute does not define the harm a court is to obviate when assuring the "safety of any other person and the community." It is evident that every person charged with an offense poses some risk of harm to another person or the community. The degree of that harm will vary with each case. Accordingly, the danger against which a court must safeguard encompasses much more than the risk of physical violence. *United States v. Tortora,* 922 F.2d 880, 884 (1st Cir.1990); *see also, United States v. King,* 849 F.2d 485, 487 n. 2 (11th Cir.1988). The Senate Report explains:

> [T]he language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence.

S.Rep. No. 225, 98th Cong.2d Sess. at 12 (1984), *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3195.

The Committee emphasized, for example, that when a person is arrested for engaging in drug trafficking, the risk that the defendant will continue to engage in such conduct constitutes a danger to the "safety of any other person or the community." See S.Rep. No. 225, 98th Cong.2d Sess. at 13 (1984), *reprinted in* 1984 U.S.Code Cong. & Admin.News 3196; *see also, e.g., United States v. Knight,* 636 F.Supp. 1462 (S.D.Fla.1986); *United States v. Hawkins,* 617 F.2d 59 (5th Cir.), *cert. denied,* 449 U.S. 952, 101 S.Ct. 355, 66 L.Ed.2d 215 (1980). Hence, reasonable release conditions may be imposed to prevent the reoccurrence of criminal conduct for which the accused has been charged. Often it is economic or pecuniary interests of a community rather than physical ones which are most susceptible to repeated danger by a released defendant.

### B. REASONABLENESS OF PRETRIAL RELEASE CONDITIONS

Section 3142(c)(1)(B) identifies thirteen (13) permissible conditions which a Court may place on an arrested person during pre-

trial release.[1] Most of these conditions expressly limit individual rights otherwise guaranteed and protected by the Constitution. Additionally, subsection (c)(1)(B)(xiv) allows the court to tailor and impose "any other condition that is reasonably necessary … to assure the safety of any other person and the community."

These conditions are reasonable regulatory limitations on individual liberty interests of charged persons released from custody pending trial. They were established by Congress in response to a compelling government interest in crime prevention and community safety. *United States v. Salerno*, 481 U.S. 739, 749, 107 S.Ct. 2095, 2102–03, 95 L.Ed.2d 697 (1987). Indeed, the Supreme Court has repeatedly held that "the government's regulatory interest in community safety can, in appropriate circumstances, outweigh an individual's liberty interest." *Salerno*, 481 U.S. at 748, 107 S.Ct. at 2102. Hence in appropriate circumstances, the Bail Reform Act subordinates individual constitutional rights to the greater societal interest in community safety.

### C. HARRIS' MOTION TO MODIFY TERMS OF PRETRIAL RELEASE

Harris argues in his motion that the lack of evidence against him and his own personal financial difficulties justify the Court in changing the pretrial release condition that presently prohibits him from engaging in legal telemarketing activities. The Court, however, finds this reasoning unpersuasive. Documents submitted by the Government clearly demonstrate the accused's propensity to endanger the economic interests of others within the community, particularly the elderly. The evidence submitted shows that Harris repeatedly employed high-pressure sales techniques upon elderly individuals to induce the purchase of merchandise of nominal value for exorbitant prices. Among other things, on June 10, 1995, Harris sold sundry skin products, stationary items, and "Say No to Drugs" paraphernalia to 62 year old Henry Dearsman for $2,499. On July 18, 1995, he sold Jakob Harfman, age 64, the identical items for $3,499. Sometime shortly thereafter, Harris allegedly again pressured Harfman to make another $3,499 purchase. On July 12, 1995, Harris sold just the anti-drug promotion paraphernalia to 73 year old Mattie Harris for $3,499 by allegedly telling her that she would be getting a $10,000 prize which would pay off her credit card debt. Additionally, on July 17, 1995, Harris sold the skin, stationary, and "anti-drug" items to Arthur Shierman for $2,499. In that sale it is alleged that Harris told the 86 year old Mr. Shierman that what he would get from Harris' company would take care of the large hospital bills that he had incurred as a result of his wife's recent illness and death.

Every person charged with an offense who is released by a judicial officer is subject to the "condition that the person not commit a Federal, State, or local crime during the period of release." 18 U.S.C. § 3142(b) (release on personal recognizance or unsecured appearance bond) and (c) (release on conditions). In addition, the Court is empowered to impose any further condition, or combination of conditions, that it determines will reasonably assure the safety of any other person and the community.

The Court finds, therefore, that defendant's arguments in support of modifying his pretrial release conditions do not overcome the danger his telephone solicitation practices pose to the economic interests of others and the community. By requiring Harris to refrain from telemarketing, the Court is imposing the least restrictive further condition mandated under 18 U.S.C. § 3142(c).

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant Harris' Motion for Modify Terms of Pretrial Release is DENIED at this time.

---

1. Prior to determining whether there are any conditions of pretrial release which will reasonably assure the safety of the community, the Court takes into account (1) the nature of the circumstances of the offense charged; (2) the weight of the evidence against the person; and (3) the history and characteristics of the person. 18 U.S.C. § 3142(g). Of these factors, the Ninth Circuit considers the weight of the evidence against the person as the least important. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). Conversely however, the weight of the evidence against the person can not be ignored.

Harris is still permitted and expected to seek gainful employment; however, such employment cannot include his participation in tele-marketing or any telephone solicitation.