**UNITED STATES of America,**
**Plaintiff,**

v.

**Paul EISCHEID, Defendant.**

**No. CR–03–1167–PHX–DGC.**

United States District Court,
D. Arizona.

Dec. 19, 2003.

---

Michael William Kemp, Esq., Phoenix, AZ, for Plaintiff.

Tonya Jill McMath, Esq., Law Office of Tonya J. McMath, Loyd C. Tate, Law Office of Loyd C. Tate, Phoenix, AZ, for Defendant.

## ORDER

CAMPBELL, District Judge.

Defendant Paul Eischeid has been charged in Count III of the Indictment with a Violent Crime in Aid of Racketeering ("VCAR"), namely the murder of Cynthia Garcia. On December 4, 2003, Magistrate Judge Lawrence O. Anderson

rejected the Government's request that Defendant Eischeid be detained pending trial under the Bail Reform Act of 1984, 18 U.S.C. § 3142 ("Act"). The Government has asked this Court to review Judge Anderson's decision to release Defendant Eischeid. Pursuant to the Court's order, briefs were filed by the Government and Defendant and a hearing was held on December 16, 2003.

This Court's review of Judge Anderson's release decision is *de novo. United States v. Koenig,* 912 F.2d 1190, 1192–93 (9th Cir.1990). The Court must "review the evidence before the magistrate" and any additional evidence submitted by the parties, "and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* at 1193.

The Government contends that Defendant Eischeid should be detained under the Act as both a danger to the community and a flight risk. The Government must prove that Defendant Eischeid is a danger to the community by clear and convincing evidence. 18 U.S.C. § 3142(f). The Government must prove he is a flight risk by a preponderance of the evidence. *United States v. Motamedi,* 767 F.2d 1403, 1406 (9th Cir.1985).

## I. THE GOVERNMENT'S PROFFER

The Government asserts three grounds in support of its contention that Defendant Eischeid is a danger to the community: (1) the nature and seriousness of the charge against him—murder as a VCAR; (2) the circumstances surrounding the murder, including the fact that Cynthia Garcia was beaten brutally, taken to a remote desert location, stabbed repeatedly, left to die, and her body was not found until six days later; and (3) the fact that Defendant Eischeid is a member of the Hells Angels Motorcycle Club ("HAMC"), members of which have been charged with various racketeering crimes in the Indictment, including attempted murder, drug trafficking, and witness tampering. The Government contends that Defendant Eischeid is a flight risk because of the severity of the charge pending against him and the fact that it could potentially result in a death sentence. The Government makes its assertions by proffer. Before Judge Anderson and at the hearing on December 16, 2003, the Government declined to produced an affidavit or witness in support of its assertions, citing concerns for witness safety.

Following a dialogue with the Court at the December 16 hearing, the Government stated that it would provide the Court with supporting evidence *in camera.* Information was delivered to the Court the next day, but the Court has concluded that is should not review that information *in camera.* Courts have held that reliance on *in camera* evidence is inconsistent with the Act's procedural protections. *See United States v. Accetturo,* 783 F.2d 382, 390 (3rd Cir.1986). The Act contemplates a hearing at which the defendant is represented by counsel and has the opportunity to testify, present evidence, and cross-examine witnesses presented by the Government. As the Third Circuit has noted, "[i]nherent in this concept is the right to know what information is being submitted to the decision-maker and the opportunity to challenge the reliability of the Government's sources as well as provide contrary information." *Id.* "An *in camera* presentation, even when a summary is provided to the defendant, seriously compromises these protections." *Id.* As a result, courts have permitted the presentation of evidence *in camera* only on rare occasions when there has been a "most compelling need and no alternative means of meeting that need." *Id.* The First Circuit has held that an *in camera* presentation of evidence is permissible only "in a very unusual case" where

"the defendant is apprized of the gist of the evidence through government testimony at the hearing" and the Court reviews evidence *in camera* "at the defendant's request." *United States v. Acevedo-Ramos,* 755 F.2d 203, 209 (1st Cir.1985)[1]

■ In this case, Defendant Eischeid has not been provided a summary of the evidence submitted to the Court *in camera,* nor has he requested that the Court review the evidence *in camera.* The Government, defense counsel, and the Court discussed the *in camera* submission during the December 16 hearing. Defense counsel objected to the submission as untimely, but none of the parties addressed the limitations on *in camera* proceedings set forth in the cases discussed above. Having now reviewed those cases, the Court is not comfortable making a detention decision based on evidence that has not been presented to or even summarized for Defendant Eischeid. The Court accordingly will decide this issue on the basis of the Government's proffer alone. The information submitted *in camera* will be returned to counsel for the Government without review.

## II. DEFENDANT'S PROFFER

Defendant Eischeid has identified a number of factors in support of his argument that he is not a danger to the community or a flight risk: (1) he has only a minimal criminal history (one dismissed misdemeanor); (2) he owns two homes in the Phoenix area; (3) he has lived in Arizona for 11 years; (4) he is employed, and has been employed for the last several years in responsible jobs; (5) he has a retirement savings account; (6) he is a college graduate from an Arizona university; and (7) he does not abuse drugs or alcohol. These facts were summarized in a presentence report presented to Judge Anderson and were asserted again by proffer during the December 16 hearing.

## III. ANALYSIS

■ The Court concludes that the Government has not met its burden of proving by clear and convincing evidence that Defendant Eischeid is a danger to the community. The charge against him is extremely serious. Indeed, it is difficult to think of one more serious. But the charge, at this stage, is simply an accusation. Defendant Eischeid is presumed innocent. *See* 18 U.S.C. § 3142(j). In light of the defense proffer that he has lived a responsible and crime-free life, the Court cannot conclude that the Government has met its burden merely by the charge contained in the Indictment.

The Government could provide the Court with evidence that supports the charge to demonstrate that conviction is likely (*see* 18 U.S.C. § 1342(g)(2)), but the Government has chosen not to do so publicly in this case, and for the reasons set forth above the Court has declined to consider that evidence *in camera.* The Government is entirely within its rights to withhold the evidence from public view at this stage of the proceeding, but the Court must then make the detention decision solely on the basis of the charge and proffer. The Government also has presented no evidence to suggest that the charge is typical of Defendant Eischeid's past behavior, or evidence to suggest that he intends to commit additional criminal acts in the future.

Thus, although the gravity of the charge gives the Court considerable pause, it is

---

**1.** At least one court appears to have adopted a more liberal view of *in camera* evidence, *see United States v. Terrones,* 712 F.Supp. 786 (S.D.Cal.1989), but the Court concludes that the First and Third Circuit decisions are more consistent with the procedural protections of the Act and fundamental notions of due process.

opposed by Defendant Eischeid's proffer that he is an established and responsible member of the community. In light of that proffer, the Court cannot conclude, solely on the basis of the Government's charge and proffer, that the Government has met its burden of showing that Defendant Eischeid is a danger to the community by clear and convincing evidence.

■ The Court reaches the same conclusion with respect to Defendant Eischeid's flight risk. Defendant Eischeid has close ties to the community, a job and responsible work history, two homes, a retirement fund, virtually no criminal record, a college education, and no apparent history of drug or alcohol abuse.

The Court is concerned about the severity of the penalty he faces in this case. Other courts have given considerable weight to the prospect of the death penalty in assessing whether a defendant has an incentive to flee. *See United States v. Gonzales,* 995 F.Supp. 1299, 1302 (D.N.M. 1998) (death penalty creates "strong incentive to flee prior to trial"); *United States v. Nichols,* 897 F.Supp. 542, 547 (W.D.Okl. 1995) (same). In these cases, however, there were other indicators of a propensity to flee such as a transient life style, a lack of employment, or the fact that the defendant's family had moved to the Phillipines. No such additional factors are present here.

The Court is reluctant to conclude that a serious flight risk must be found in an otherwise stable life solely because the charge asserted by the Government carries the death penalty. The nature and seriousness of the charge is only one factor to be considered under the Act. 18 U.S.C. § 3142(g)(1). Also identified are "the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history." *United States v. Gebro,* 948 F.2d 1118, 1121 (9th Cir.1991). These factors weigh in favor of Defendant Eischeid's release.

Moreover, Congress was well aware of death penalty cases when it drafted the Act, specifically requiring that detention hearings be held in all such cases. *See* 18 U.S.C. § 1342(f)(1)(A). Congress also identified specific offenses in which a rebuttable presumption of detention would arise and, significantly, did not include death penalty cases in the list. *See* 18 U.S.C. § 1342(e). If Congress has not created even a rebuttable presumption of detention in death penalty cases, this Court should not effectively create an irrebuttable presumption of detention by holding that the prospect of the death penalty alone is sufficient to create a serious flight risk.

The standard of proof on flight risk is only a preponderance of the evidence, but the Court cannot conclude that it has been met in this case. Defendant's proffer seems evenly balanced with the Government's. Frankly, the Court has doubts about whether release or detention is the correct result, but the Ninth Circuit has instructed that "doubts regarding the propriety of release should be resolved in the defendant's favor." *Gebro,* 948 F.2d at 1121. The Court will follow the Ninth Circuit's instruction.

## IV. CONCLUSION

Defendant Eischeid will be released on conditions calculated to assure his appearance at trial and the safety of the community. These will include electronic monitoring, an order that he not affiliate with members of the HAMC or wear HAMC colors or identifying information, and an order that he not possess firearms of any kind before trial. The Court will reconsider this Order on the presentation of evidence that Defendant is in fact posing a

threat to others within the community or is a serious flight risk.

**IT IS HEREBY ORDERED** that Defendant Eischeid shall appear, "bag and baggage," at a hearing to be held at on **December 22, 2003 at 9:30 a.m.** before the Honorable David K. Duncan. Release conditions will be established at the hearing, including those set forth above.