**UNITED STATES of America, Plaintiff—Appellant,**

v.

**Jeffrey LANGENHORST, a.k.a. Hoss, Defendant—Appellee.**

**No. 05-50067.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 2005.

Decided May 12, 2005.

USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff—Appellant.

Larry M. Bakman, Esq., Larry M Bakman Law Offices, Los Angeles, CA, for Defendant—Appellee.

Before: T.G. NELSON, W. FLETCHER, and BEA, Circuit Judges.

MEMORANDUM *

The Government appeals the District Court's grant of pretrial release to Jeffrey

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

Langenhorst. The Government argues that the district court improperly granted pretrial release because no conditions will reasonably assure Langenhorst's appearance at trial or the safety of the community. We have jurisdiction pursuant to 18 U.S.C. § 3731 and we reverse the District Court's release order and remand with instructions.[1]

Section 3142 of Title 18 of the United States Code governs pretrial detention and release. A district court may not order pretrial release unless it determines that a "condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."[2] Section 3142(g) specifies the factors that the district court must consider in making this determination.[3]

The first factor is the nature and circumstances of the offenses charged.[4] Because Langenhorst concedes the seriousness of the indicted offenses, which primarily took place while he was in state custody, we conclude that this factor weighs against pretrial release.

The second factor is the weight of the evidence against Langenhorst.[5] The Government has presented significant evidence against Langenhorst, including that expected of numerous cooperating witnesses and victim witnesses, factual admissions by co-defendants, recorded conversations involving co-conspirators, letters, and physical evidence. Langenhorst submitted no evidence in response. Instead, Langenhorst's argument is that the Government's accusations are not credible because of alleged factual inaccuracies and oversights. Even if we give full credence to Langenhorst's arguments, they do not overcome the weight of the Government's evidence. Thus, we conclude that this factor weighs against pretrial release.

The third factor is Langenhorst's history and characteristics.[6] This factor breaks down into two separate inquiries: (1) character and related considerations; and (2) detention status at the time of the current offense.[7]

As to Langenhorst's character, letters submitted in support of Langenhorst's good behavior indicate fairly strong family ties, a newly created support network, and the possibility of employment should Langenhorst be released. However, given Langenhorst's extensive criminal past and the very recent nature of his ties to the community, we conclude that even giving him the benefit of the doubt,[8] the character portion of the inquiry is at best neutral regarding release.[9]

---

of this circuit except as provided by Ninth Circuit Rule 36–3.

1. "The standard of review for pretrial detention orders is one of deference to the district court's factual findings, absent a showing that they are clearly erroneous, coupled with an independent review of the facts, the findings, and the record to determine whether the order may be upheld." *United States v. Gebro,* 948 F.2d 1118, 1121 (9th Cir.1991).

2. 18 U.S.C. § 3142(e).

3. *See* 18 U.S.C. § 3142(g).

4. *See* 18 U.S.C. § 3142(g)(1).

5. *See* 18 U.S.C. § 3142(g)(2).

6. *See* 18 U.S.C. § 3142(g)(3).

7. *See id.*

8. *See United States v. Motamedi,* 767 F.2d 1403, 1405 (9th Cir.1985).

9. The record also reflects that Langenhorst has been a "model prisoner" over the past two years. However, given Langenhorst's extensive criminal history we do not find his recent behavior to be that significant in the overall evaluation.

As to Langenhorst's detention status, Langenhorst has conceded that he was either in state custody or on some type of release from custody when the alleged conduct occurred. Thus, this part of the history and characteristics inquiry weighs against pretrial release. Accordingly, because the first part of the inquiry is at best neutral with respect to release and this part weighs against release, we conclude that the history and characteristics inquiry overall weighs against release.

The fourth and final factor is the nature and seriousness of the danger to any person or to the community posed by Langenhorst's release.[10] We conclude for two reasons that Langenhorst presents a significant danger to individuals and the community if he is released pending trial. First, based upon the allegations in this case of tampering with and retaliating against witnesses, he presents a risk to specific individuals who may testify against him. Second, his past use of potentially deadly force to avoid being taken into custody indicates that he presents a danger to the community, especially to those who would be required to supervise his compliance with pretrial release conditions. Accordingly, this factor weighs against pretrial release.

In sum, all of the statutorily required factors clearly weigh against release. Thus, we agree with the Government that no conditions will reasonably assure Langenhorst's appearance at trial or the safety of the community. Accordingly, we vacate the district court's order granting pretrial release and remand with instructions that the district court enter an appropriate order denying pretrial release.

REVERSED and REMANDED.