**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ernesto BOSQUEZ–VILLARREAL,**
**Defendant–Appellant.**

No. 89–2026
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 2, 1989.

Oscar J. Pena, Sr., Laredo, Tex., for defendant-appellant.

Frances H. Stacey, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Paula C. Offenhauser, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before POLITZ, JOHNSON, and JOLLY, Circuit Judges.

PER CURIAM:

Defendant Ernesto Bosquez–Villarreal appeals the denial by the district court of his motion for release pending his trial for various drug offenses. Persuaded that the district court did not abuse its discretion in refusing to release Villarreal pending his trial, we affirm.

I.

Defendant Bosquez was arrested on November 4, 1988, on the United States/Mexican border in Laredo after approximately five kilograms of cocaine was discovered during a search of his vehicle. Bosquez was ultimately indicted by a grand jury on charges of (1) conspiracy to import into the United States in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 963, 952(a), and 960(b)(1) (Count 1); (2) knowing importation of in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 952(a) and 960(b)(1); (Count 2); (3) possession with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 3); (4) making a false statement as to his name to the Drug Enforcement Agency in violation of 18 U.S.C. § 1001 (Count 4); and (5) making a false statement as to his name to a United States Magistrate in violation of 18 U.S.C. § 1001 (Count 5). Record Vol. 1 at 6–8.

Thereafter, Bosquez filed a "Motion Requesting that Court Set Reasonable Bail on Pending Charges." At the evidentiary hearing on the above motion before the district court, Bosquez presented evidence of his good character and stability through the testimony of two friends. On cross-examination, however, it was revealed that the two friends had in fact not seen Bosquez for some period of time. Following the evidentiary hearing, the district court denied Bosquez's motion for reasonable bail after noting that Bosquez committed a crime involving a large amount of cocaine, that the maximum sentence for the crime was more than ten years, that the mini-mum sentence for the crime was at least ten years, and that Bosquez had lied about his identity when he was initially arrested and brought before a United States magistrate. Bosquez now appeals.

II.

■ Pursuant to the Bail Reform Act of 1984, 18 U.S.C. §§ 3141–50, "[t]he setting of bail is a matter committed to the sound discretion of the district court. We review the exercise of that discretion only for abuse." *United States v. McConnell,* 842 F.2d 105, 107 (5th Cir.1988). To successfully detain an individual without bail pending trial, the Government is obligated to establish by a preponderance of the evidence that the appearance of the defendant cannot reasonably be assured by any condition or combination of conditions of bail. *United States v. Trosper,* 809 F.2d 1107, 1109 (5th Cir.1987); 18 U.S.C. § 3142(e). In satisfying the above burden, the Government is aided by a rebuttable presumption which arises by virtue of section 3142(e)

> that no condition or combination of conditions will reasonably assure the appearance of the person as required ... if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act....

Nevertheless, the Government still retains the ultimate burden of persuasion as to the defendant's pretrial detention.

■ In the instant case, the above statutory presumption against bail was invoked after the district court found probable cause to conclude that Bosquez committed the drug offenses with which he was charged. Even though Bosquez introduced controverting evidence to rebut that presumption, the district court found Bosquez's evidence to be unconvincing and to "raise a lot of questions." After reviewing the record, we are persuaded that the district court did not abuse its discretion in

denying Bosquez's motion for bail pending trial; therefore, we affirm.

AFFIRMED.