**UNITED STATES of America, Plaintiff,**

v.

**Miguel VEGA COSME, AKA "Miguel— Bobolon" Defendant.**

**Criminal No. 97–076(DRD).**

United States District Court, D. Puerto Rico.

March 11, 1998.

Rafael Anglada–Lopez, San Juan, PR, Marlene Aponte–Cabrera, Hato Rey, PR, Rosa I. Bonini–Laracuente, Hato Rey, PR, Benny F. Cerezo, Rio Piedras, PR, Gustavo A. Del–Toro–Bermudez, San Juan, PR, Luis A. Guzman–Dupont, Santurce, PR, Jorge M. Izquierdo–San–Miguel, San Juan, PR, Victor P. Miranda–Corrada, Hato Rey Tower, San Juan, PR, Javier A. Morales–Ramos, San Juan, PR, Salvador Perez–Mayol, Guaynabo, PR, Carlos Perez–Olivo, Carolina, PR, Eric M. Quetglas–Jordan, San Juan, PR, Miriam R. Ramos–Grateroles, Bayamon, PR, Luz M. Rios–Rosario, Hato Rey, PR, Raymond Rivera–Esteves, Bayamon, PR, Edgardo L. Rivera–Rivera, San Juan, PR, Luis R. Rivera–Rodriguez, Hato Rey, PR, Jacabed Rodriguez–Coss, U.S. Attorney's Office Dist. of P.R., Crim. Div., Hato Rey, PR, Roberto Roldan–Burgos, Rio Piedras, PR, Jose C. Romo–Matienzo, Hato Rey, PR, Jesus Santiago–Malavet, Santurce, PR, Enrique Velez–Rodriguez, San Juan, PR, for Defendant.

**OPINION AND ORDER**

DOMINGUEZ, District Judge.

Codefendant Miguel Vega Cosme requests the court, pro se, in a Motion dated November 21, 1997, (Docket No. 203), to revisit the determination of Magistrate Judge Justo Arenas of April 29, 1997, ordering defendant detained without bail (Docket No. 81).

The Magistrate Judge determined that "there are no condition or combination of conditions which will reasonably assure the appearance of defendant as required. Furthermore, he either owns or manages the Pataki Pub which is in violation of his terms of probation/supervised release."

A hearing was held on February 18, 1998.

The court is required to make a de novo review of the contested Detention Order, *United States v. Tortora*, 922 F.2d 880, 883 n. 4 (1st Cir.1990).[1]

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et sec. sets forth at 18 U.S.C. § 342(F)(1)(c), a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the accused as required and the safety of the community if there is probable cause to believe that the person committed an offense for which the term of imprisonment of ten or more years is prescribed in the Controlled Substance Act, 21 U.S.C. § 801. See *United States v. O'Brien,* 895 F.2d 810. The presumption is rebuttable. *United States v. Bosquez–Villarreal,* 868 F.2d 1388 (5th Cir. 1989).

Defendant accepts that the indictment charges as to Defendant Vega Cosme a violation that triggers the applicability of the detention presumption; Count II charges that the defendant conspired to distribute multi kilo quantities of controlled substances, in excess of 5 kilograms of heroin, in excess of ten kilograms of cocaine and cocaine base and in excess of 100 kilograms of marihuana. 21 U.S.C. § 841(a)(1).

In establishing the above presumption Congress considered that "flight to avoid prosecution is particularly high among prisoners charged with major drug offenses." *U.S.Rep. No. 225*, 98th Cong.2d Sess. 20, 23–27, represented in 1984 U.S.Code Cong. and Ad. News 3206–3210. Congress further found "a risk to community safety" individuals accused, as the defendant Miguel A. Vega Cosme, of involvement in significant drug transactions as in the case at bar. *United States v. Leon,* 766 F.2d 77 (2nd Cir.1985). The case of the defendant is further aggravated by his prior drug conviction and weapon's violation in this District Court and by the fact that he was still under parole supervision. Further, defendant was in violation of a condition of supervision in that he was managing a pub wherein liquor is served to the public. Moreover, defendant was con-

victed of a felony charge in state court, (illegal appropriation).

In order to determine whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the court must consider the following factors pursuant to 18 U.S.C. § 3142(g)(2),(3)(A),(B),(4):

1. The nature and circumstances of the offense alleged, including whether the offense is a crime of violence.

2. The weight of the evidence against the person.

3. The history and characteristics of the person.

   A. Family ties, employment, community ties, past conduct, a criminal record, etc.

   B. Whether at the time of the current offense or arrest the person was on probation on parole etc.

4. The nature and seriousness of the danger to any person or the community that could be passed by the persons release.

Defendant presented various witnesses who notwithstanding the defendant's past criminal record as to federal drug and weapons violations were willing to request a further opportunity to defendant (former major of Canóvanas Esteban Meléndez Rivera); were willing to offer their properties as security (Noel Rosado del Valle); were willing to testify as to community work in sports (Rafael Geigel Ortíz); and/or offered employment (Margarita Pérez and Diego Santos Torres); other witnesses were willing to vouch for his character (Ruth Pereira Santiago and Esteban Meléndez).

However, using the standard of clear and convincing evidence, more than preponderance of evidence, but less than beyond a reasonable doubt, *United States v. Acevedo–Ramos,* 600 F.Supp. 501, 509 (D.P.R.1984) (Laffitte J.), the Magistrate Judge's Detention Order must be confirmed.

1. But see the illustrated opinion of Judge Keeton in *United States v. Phillips,* 732 F.Supp. 255, 258–59 (D.Mass.1990) requiring "the court to exercise independent consideration of all facts properly before it," short of a de novo hearing.

An analysis of the required criteria follows:

The nature and circumstances of the offense charge is both grave and serious. Defendant is charged with conspiring to distribute multi kilogram quantities of heroin (in excess of five kilograms), in excess of ten kilograms of cocaine and cocaine base, and one hundred kilograms of marihuana.

The weight of the evidence against the defendant was proffered to be strong. Two cooperators are to testify that the defendant ran a drug point and further hired other defendants to distribute heroin. Some of the incriminatory facts are confirmed by surveillance. Codefendant Vega Cosme is further tied in by evidence[2] to the leader of another drug gang, "El Indio," also being prosecuted for drug violations in this District.

The history and characteristics of the defendant reveal community ties in Puerto Rico except for the time he served at the federal correctional institution in El Reno, Oklahoma. He has lived in the same address for at least five years; he was self employed as a car salesman (Pretrial Services Report) and he has been offered employment by appearing witnesses. He was cohabitating with a partner of fourteen (14) years with whom he has three children. However, as heretofore indicated, defendant has a prior federal drug and weapon's conviction in this district, and has a prior state conviction for illegal appropriation. He was under parole supervision at the time of the current indictment. The defendant further was in violation of parole supervision because he was managing a liquor pub.

The prior criminal record of the defendant, the fact that he was still in parole supervision, the gravity of the indictment charged as to the defendant causes serious concerns as to the criteria of "danger to any person or the community."

The defendant is also covered by the presumption of flight risk in large drug trafficking cases, *United States v. Palmer–Contreras*, 835 F.2d 15, 17 (1st Cir.1987) ("drug traffickers pose special flight risks"). Flight risk increases in the instant case because of the long imprisonment term faced by defendant and the weight of the evidence against him. The defendant faces a sentence of twenty years if convicted in the instant case and if the parole of the prior conviction is revoked. Defendant is thus not only a "flight of risk" but also poses a "danger to the community."

The conclusion after an analysis of the four statutory criteria is inescapable. The Detention Order of the Magistrate Judge must be confirmed to "reasonably assure the appearance of the person as required and the safety of any other person and the community," 18 U.S.C. § 3142(f). Defendant is "involved in the "highly lucrative" drug operations at the center of congressional concern," *United States v. Jessup*, 757 F.2d 378, 386 (1st Cir. 1985) and "thus, is a person at whom the § 3142(e) presumption is aimed," *United States v. Palmer Contreras*, 835 F.2d 15. The defendant Miguel Vega Cosme has failed to overcome the rebuttable presumption of detention established by law, 18 U.S.C. § 3142(e).

**WHEREFORE, the Detention Order of the Magistrate Judge Justo Arenas is sustained.**

IT IS SO ORDERED.

---

**2.** The personal telephone directory of the defendant has the name and phone number of "El Indio." Criminal No. 97–074.