**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 99-60642
Summary Calendar

CARL ALEXANDER; PATRICIA ALEXANDER, his wife,

Plaintiffs-Appellants,

versus

BOLIVAR COUNTY, MISSISSIPPI;
H.M. "MACK" GRIMMETT,
Individually and in His Official Capacity
as Sheriff of Bolivar County, Mississippi;
RICKY HAYWOOD, Individually
and in his Official Capacity as Jailor;
ELMORE SELLERS, Individually and in his
Official capacity as Jail Administrator,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:98-CV-59-B-B

June 21, 2000

Before HIGGINBOTHAM, DeMOSS and STEWART, Circuit Judges:

PER CURIAM:[*]

The plaintiffs appeal the district court's summary judgment dismissal of their 42 U.S.C. § 1983 claims arising from injuries suffered by Carl Alexander ("Alexander") while in pretrial detention at the Bolivar County Jail. Because the plaintiffs failed to timely object to the magistrate judge's order striking Victor Carmody's affidavit and expert witness designation, this court lacks jurisdiction to review that order. See Colburn v. Bunge Towing, Inc., 883 F.2d 372, 379 (5th Cir. 1989).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Since the plaintiffs allege that the individual defendants are liable for their acts and omissions in failing to protect Alexander and in failing to provide him with adequate medical care and that Bolivar County is liable for the individual defendants' acts and omissions due to its policies, this is an episodic act or omission case. See Flores v. County of Hardeman, Texas, 124 F.3d 736, 738 (5th Cir. 1997); Scott v. Moore, 114 F.3d 51, 53-54 (5th Cir. 1997). The plaintiffs have failed to establish a genuine issue of material fact regarding whether any of the individual defendants had subjective knowledge of a substantial risk of serious harm to Alexander and acted with subjective deliberate indifference. See Olabisiomotosho v. City of Houston, 185 F.3d 521, 526-29 (5th Cir. 1999). Accordingly, the district court's judgment is AFFIRMED.