United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 31, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-51408
Summary Calendar
_____

ALEJANDRO GARCIA,

Plaintiff-Appellant,

versus

COUNTY OF EL PASO; LEO SAMANIEGO,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CV-344-PRM
--------------------

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

Alejandro Garcia, a Texas resident, appeals from the district court's order granting summary judgment to defendants Sheriff Leo Samaniego and the County of El Paso ("County"). Garcia filed this 42 U.S.C. § 1983 civil rights complaint alleging that the defendants' employees at the El Paso County Detention Facility ("EPCDF") were deliberately indifferent to his serious medical needs while Garcia was confined there as a pretrial detainee for 34 hours in August 1999, after Garcia suffered at least two

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

epileptic seizures during his confinement.  He maintains that the defendants' custom or practice of failing to ensure that detainees were properly and timely administered medications, and their failure to train subordinates with respect to the handling and treatment of seizure patients, amounted to objective deliberate indifference and made them liable as municipal entities.

This court reviews <u>de</u> <u>novo</u> a district court's order granting a party's summary-judgment motion.  <u>Whittaker v. BellSouth Telecomm., Inc.</u>, 206 F.3d 532, 534 (5th Cir. 2000).  Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The moving party bears the burden of showing the district court that there is an absence of evidence to support the nonmoving party's case.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986).  If the moving party meets the initial burden of showing that there is no genuine issue, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial.  Rule 56(e).

As a pretrial detainee, Garcia's constitutional rights flowed from the due process guarantees of the Fourteenth Amendment rather than from the Eighth Amendment's prohibition against cruel and unusual punishment.  See <u>Hare v. City of Corinth</u>, 74 F.3d 633, 639

2

(5th Cir. 1996) (en banc). When such a detainee complains of unconstitutional medical treatment, there is no significant legal distinction between pretrial detainees and convicted prisoners. Gibbs v. Grimmette, 254 F.3d 545, 548 (5th Cir. 2001). When a pretrial detainee's claim is based on a jail official's episodic act or omission, "the proper inquiry is whether the official had a culpable state of mind in acting or failing to act." Hare, 74 F.3d at 643. To establish liability, a pretrial detainee must "show that a state official acted with deliberate indifference to a substantial risk of serious medical harm and that injuries resulted." Wagner v. Bay City, Tex., 227 F.3d 316, 324 (5th Cir. 2000).

In an episodic-act-or-omission case against a municipality, "an actor is usually interposed between the detainee and the municipality, such that the detainee complains first of a particular act of, or omission by, the actor and then points derivatively to a policy, custom or rule (or lack thereof) of the municipality that permitted or caused the act or omission." Flores v. County of Hardeman, Texas, 124 F.3d 736, 738 (5th Cir. 1997). To succeed in holding a municipality liable under these standards, the plaintiff must establish not only that a municipal employee acted with subjective deliberate indifference but also that the employee's act resulted from a policy or custom adopted or maintained by the municipality with objective deliberate indifference to the plaintiff's constitutional rights.

3

See Olabisiomotosho v. City of Houston, 185 F.3d 521, 526 (5th Cir. 1999).

The district court appeared to conclude that the defendants had fallen short of establishing that no genuine of issue of material fact remained as to whether the defendants' employees at EPCDF had been deliberately indifferent to Garcia by failing to give him his epilepsy medications. The absence of first-hand testimony from EPCDF nurses who had provided medication to Garcia, as well as errors in the EPCDF's Medical Administration Record for Garcia, casts doubt on whether Garcia received the necessary medications.

Garcia had argued that a municipal "custom" of failing to administer medications to EPCDF detainees can be established through records of EPCDF detainee grievances alleging the failure to administer medications, evidence of dozens of prior seizure incidents involving EPCDF detainees, and a state lawsuit filed by the survivors of an EPCDF detainee who died in 1997 as the result of an epileptic seizure. (Garcia has not suggested that the County had an official "policy," written or unwritten, of neglecting to administer necessary medications to detainees.) To establish a "custom," Garcia was required to show both a "persistent and widespread practice" and actual or constructive knowledge of such custom by the municipality or by an official to whom the municipality had delegated policymaking authority.

4

See Pineda v. City of Houston, 291 F.3d 325, 328 (5th Cir. 2002), cert. denied, 537 U.S. 1110 (2003).

The district court did not err in concluding that the evidence submitted by Garcia was insufficient to create an issue of material fact as to whether the defendants observed an unconstitutional custom or were constructively aware of such a custom. The record of grievances cited by Garcia included grievance responses that indicated that EPCDF personnel usually replied that the complaining detainees either would receive or already had received their medications. The responses reflected, if anything, a ready willingness by EPCDF officials to correct improper dosages and to fill depleted prescriptions. As for the prior lawsuit cited by Garcia, the lawsuit appears to be pending and the issues therein, while very similar to those in the instant case, remain unresolved. The lawsuit is thus of doubtful evidentiary value. Even if the evidence submitted by Garcia was sufficient to raise a genuine issue of material fact as to whether a municipal custom existed, he has not demonstrated that the defendants were actually or constructively aware of it. See Pineda, 291 F.3d at 330 (constructive knowledge may be demonstrated by showing that the pattern of prior incidents was so widespread that they were "'the subject of prolonged public discussion or of a high degree of publicity.'" (citation omitted)).

Garcia has also argued that the defendants were liable for failing to train EPCDF personnel in the "proper handling and recognition of inmates who suffer from seizure disorders" or in reducing the risk of such disorders. To succeed on a failure-to-train claim, a plaintiff must establish (1) inadequate training procedures, (2) that inadequate training procedures caused the injury, and (3) deliberate indifference of municipal policymakers. Pineda, 291 F.3d at 332. The evidence submitted by Garcia with respect to EPCDF personnel's responses to the two seizures he allegedly suffered while in EPCDF custody did not establish a genuine issue of material fact as to whether improper training contributed to his injuries. In fact, there is almost no evidence of what treatment was administered to Garcia in the immediate wake of the seizures.

Garcia does not brief the state-law tort claims and Fifth and Eighth Amendment claims that he had set forth in his complaint. These claims are abandoned. See Walker v. Thompson, 214 F.3d 615, 625 (5th Cir. 2000); FED. R. APP. P. 28(a)(9).

The judgment of the district court is AFFIRMED.