# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2007

Charles R. Fulbruge III
Clerk

No. 06-20931
Summary Calendar

JOSEPH MONTERO-MELENDEZ

Plaintiff-Appellant

v.

FREDRICK MENIFEE; EDWARD PEREZ; HARLEY LAPPIN; DOES 1
THROUGH 20; UNITED STATES OF AMERICA

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-4587

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Joseph Montero-Melendez, federal prisoner # 37252-054, proceeding pro se and in forma pauperis, appeals a summary judgment against his action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act. Montero-Melendez maintains the defendants were deliberately indifferent to his health and safety because they

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failed to maintain sanitary prison conditions during his pretrial detention at the Federal Correctional Institution (FCI) in Otisville, New York, and, as a result, he contracted a Heliobacter pylori (H. pylori) bacterial infection.

A summary judgment is reviewed de novo. Hart v. Hairston, 343 F.3d 762, 764 (5th Cir. 2003); see FED. R. CIV. P. 56. Because Montero-Melendez's assertions are based on acts or omissions related to his health and safety, they are properly characterized as episodic acts or omissions. See Olabisiomotosho v. City of Houston, 185 F.3d 521, 526 (5th Cir. 1999); Flores v. County of Hardeman, Tex., 124 F.3d 736, 738 (5th Cir. 1997). If a pretrial detainee bases his claim upon a prison official's "episodic acts or omissions", the standard of subjective deliberate indifference enunciated in Farmer v. Brennan, 511 U.S. 825 (1994), is the measure of culpability. Hare v. City of Corinth, Miss., 74 F.3d 633, 643 (5th Cir. 1996) (en banc). For an official to act with deliberate indifference, he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference". Farmer, 511 U.S. at 837.

Montero-Melendez has not shown the district court erred in granting summary judgment against the deliberate-indifference claim. Montero-Melendez produced no competent summary-judgment evidence establishing his infection was caused by unsanitary prison conditions at FCI Otisville. Furthermore, he produced no probative evidence showing the defendants were: aware the prison conditions at FCI Otisville were conducive to the spread of H. pylori; and deliberately indifferent to that risk. Montero-Melendez's allegations maintaining the defendants were, or should have been, aware of the unsanitary conditions at FCI Otisville and of the existence of H. pylori bacteria do not equate to knowledge of a condition posing a substantial risk of harm; moreover, the allegations fail to provide the requisite summary-judgment evidence to establish a genuine issue of material fact on whether the defendants actually

drew the inference that inmates faced a risk of harm and deliberately ignored it.  See id. at 837.

AFFIRMED.